Rogers *et al. v.* Voorhees *et al.*

Filed June 24, 1890.

———————

No. 15,503.

ROGERS ET AL. *v.* VOORHEES ET AL.

DRAINAGE.—*Inadequacy of Original Assessment.*—*Reassessment of Benefits.*— In case the original assessment of benefits made in a drainage proceeding, instituted under the act of April 6th, 1885, proves inadequate to complete the work, it is competent for the court, upon due petition and notice, to refer the matter to the commissioners of drainage, or if they be for any reason incompetent to act, to new commissioners, for the purpose of reassessing benefits, in order to complete the work, or pay the deficit in case the work has been completed.

From the Vigo Circuit Court.

*U. J. Hammond, E. S. G. Rogers* and *B. V. Marshall,* for appellants.

*W. W. Rumsey,* for appellees.

MITCHELL, C. J.—The only question involved in this appeal is whether or not in case the original assessment of benefits made in a drainage proceeding instituted under the act of April 6th, 1885, proves inadequate to complete the work, it is competent for the court, upon due petition and

notice, to refer the matter to the commissioners of drainage, or if they be for any reason incompetent to act, to new commissioners for the purpose of reassessing benefits, in order to complete the work, or pay the deficit in case the work has been completed.    The act concerning the drainage of wet lands makes two propositions clear beyond doubt or dispute :   1.  That the lands benefited must bear the entire burden of the costs, damages and expenses of effecting the drainage, and 2.  That no land can be assessed for an amount in excess of the benefits which actually accrue to it.   Whenever it is made to appear that the costs, damages and expenses of effecting the drainage exceed the benefits to be derived therefrom it is the duty of the court to suspend further proceedings.

The drainage of the land can not be deemed fully accomplished, nor the proceeding ended, until the drain has been completed according to the plans and specifications on file, and the expenses of constructing the work, and the costs and damages necessarily incident thereto have been paid, and until the commissioner having charge of the work has made his final report, and an order discharging him has been made by the court.    Until this is done the proceeding remains under the control of the court.    *Steele* v. *Hanna,* 117 Ind. 333.   An attentive reading of the act referred to, keeping in view the scope and purpose of the statute, and that it is to be liberally construed so as to promote the end for which it was enacted, makes it manifest that while the proceeding remains under its control the court has large discretion in respect to modifying, equalizing and changing assessments.   It is a reasonable supposition that the Legislature must have anticipated that expenses and deficits arising from floods, mistakes, accidents, litigation and other causes that could not be foreseen at the time the work was entered upon must necessarily be provided for, or the work fail of completion in many instances.   Hence the provision authorizing any person interested to file a supplemental petition in certain

Rogers *et al. v.* Voorhees *et al.*

cases, and authorizing the court to release any person from liability or modify his assessment, as provided in Elliott's Supp., section 1191.   See, also, section 1188.

The power of the court, until the work is fully completed and accepted, must be regarded as a continuing power within the limits above stated, viz., that the entire cost of the improvement must fall upon the lands benefited in proportion to the benefits which accrue to each tract effected, and that no tract can be assessed in a sum exceeding the amount of benefits resulting to it from the work, as adjudged by the court.   What good reason can be suggested for holding that if on account of a supervening flood the cost of completing the work should be greatly increased, the court might not ascertain upon a supplemental petition and notice whether or not the benefits to the lands might not be equal to the expense of constructing the work notwithstanding the enhanced cost.   If, as in the present case, the cost or expense of completing the work is enhanced by expensive litigation, so that the amount expended must either be lost or an additional assessment made, in case the benefit to be derived will, in the judgment of the court, admit of it, we see no reason why a liberal construction of the statute will not authorize it to be done.   The case is fully within the rules laid down and elaborated in *Board, etc.,* v. *Fullen,* 111 Ind. 410, and cases following it, and upon the principles enunciated in that case the judgment is affirmed, with costs.

Filed May 17, 1890 ; petition for a rehearing overruled June 25, 1890.