## PLEASANT TOWNSHIP v. COOK ET AL.

[No. 19,829.   Filed May 13, 1903.]

DRAINS.—*Benefit to Highway.—Township a Party to Proceeding.*—In a drainage proceeding under §5623 Burns 1894, where a civil township is joined as a party, because of alleged benefits of the proposed drain to public highways, such highways need not be specifically described, since the benefits assessed against the township are not a lien on the highway, but a debt payable by the township. *pp. 533-535.*

SAME.—*Township a Party.—Commissioners' Final Report.—Notice.*—Where a township is joined as a party in a drainage proceeding, because of alleged benefits to highways, such township is not entitled to notice of the filing of the final report of the commissioners. *pp. 535, 536.*

SAME.—*Report of Commissioners.—Judgment.*—Where, in a drainage proceeding under the drainage act of 1885 as amended by the act of 1889, the court has jurisdiction of the subject-matter and of the parties, the judgment confirming the report of the commissioners is final and conclusive. *p. 537.*

From Laporte Circuit Court; *J. C. Richter*, Judge.

Petition of William F. Cook and others to establish a ditch. From an order striking out the motion of Pleasant civil township to set aside the assessment as to the township, and for leave to file remonstrance, the township appeals. *Affirmed.*

*F. L. Fetterer* and *F. A. Hollett*, for appellant.

*Lemuel Darrow*, *H. W. Worden* and *E. D. Salsbury*, for appellees.

MONKS, J.—This proceeding was commenced October 10, 1900, in the court below, for the construction of a ditch under the drainage law of 1885 and the amendment of 1889. §§5622-5631, 5644-5646 Burns 1894.

Appellant was made a party to said petition on account of the alleged benefit to "the highway" in said township, but no particular highway was described. Notice was given of the filing of said petition and of the time when the same

would be heard. The petition alleged that the proper work to accomplish such drainage would affect the following lands in Porter county, Indiana, to wit: "Also the highway in the civil township of Pleasant, Porter county, Indiana." The notice served on the civil township of Pleasant, Porter county, Indiana, stated that the work would affect "the highways running north and south, east and west in said township thirty-three north, range five west." Afterwards the court found and adjudged that due and legal notice of said petition had been given to each defendant, and the same was referred to the drainage commissioners for report; and afterwards, on March 11, 1901, said commissioners filed their report, which materially changed the course of said ditch, and greatly extended the same in length. The drainage commissioners found that certain highways in said Pleasant township would be benefited by the construction of said ditch, and assessed the same against appellant. Said highways extended into township thirty-two north, of range five west. Lands not named in the petition were named in said report, and the court fixed a time for hearing the report, and notice thereof was given as required by §5624 Burns 1894. This notice was served upon appellant, although not named therein. Appellant did not file a remonstrance, but remonstrances were filed by other parties. The issues made by the remonstrances were tried, the report of the drainage commissioners modified on April 20, 1901, and, as modified, was approved, the proposed work established by the court, and assigned to a commission for construction. Afterwards, on August 6, 1901, in vacation, appellant filed in the office of the clerk of the court below a motion to set aside the assessment against said township, and allow it to file a remonstrance against the final report of said commissioners. On October 2, 1901, said motion was amended and refiled in open court. Afterwards the said motion was; on motion of appellees, stricken from the docket.

The contention of appellant is that, although it was made a party to the petition, and received notice of the proceedings, it was not bound by such notice, for the reason that the highways that were found to be benefited were not specifically mentioned in the petition, nor was notice given the township of the filing of the final report of the commissioners. This contention is founded upon the idea that appellant stands in the same position, relative to this drainage proceeding, as owners of real estate assessed for benefits. This position is untenable. The statute says that "The petition shall describe in tracts of forty acres according to fractions of government surveys, * * * and give the names of the owners thereof, if known, and if unknown shall so state. * * * Such petition shall be sufficient to give the court jurisdiction over all lands described therein and power to fix a lien thereon." §5623 Burns 1894.

The statute, however, does not require that public highways shall be specifically described, nor is the assessment for benefits to the public highway a lien upon the highway, but is paid by the township in which the highway so benefited is located. The provisions of the statute on this subject are as follows: "It [the petition] shall also state that in the opinion of the petitioners either that the public health will be improved, or that one or more public highways of the county, * * * will be benefited by the proposed drainage." §5623 Burns 1894. The statute provides for the payment of this assessment by the township as follows: "Any benefits assessed to any highway shall be assessed against the proper township, and shall be paid by the trustee out of the township fund belonging to such township." §5630 Burns 1894.

The law requires that the real estate benefited be specifically described, in order that the assessment, which is a lien thereon, may be enforced against it. Appellant is a civil township. The amount assessed is the benefits to the public

highways of the township described in the report. The
assessment is not a lien upon any real estate, but is simply
a debt payable by the township. It is apparent that the
reason for a specific description of real estate does not
exist in the case of highways. The drainage law under
which this proceeding was brought, did not require that
appellant should be given notice of the filing of the report
of the drainage commissioners, or of the time when it would
be heard.

Section 5624 Burns 1894 requires that in all cases where
lands are named in the report of the drainage commissioners
as affected by such proposed work, which are not named in
the petition, the court shall fix a time for hearing the
report, and it shall be the duty of the petitioners, at their
own cost, to give ten days' notice to the owners of such
lands of the filing of such report in the same manner as is
required by said drainage law to be given of the filing and
docketing of the petition, which notice shall state the time
for the hearing of such report, and in such case the court
shall continue the hearing of said entire report until such
last-mentioned notice has been given.

It will be observed that only the owner of lands named in
the report as affected by the proposed work, and not named
in the petition, must be notified of the report, and when the
same will be heard. Appellant, having had notice that its
highways would be benefited by the proposed drainage,
was not entitled to further notice of the filing of the final
report of the commissioners. Having notice of the pro-
ceedings, and knowing that the highways of the township
would likely be assessed as benefited, it will not be per-
mitted, after final judgment, to attack the finding and
judgment of the court. Appellant relies upon *Goodwine* v.
*Leak,* 114 Ind. 499, to support its position. That case,
however, is not authority for permitting a township having
notice of the proceeding to attack the assessment after final
judgment has been rendered. Said cause was one in which

a landowner, being a party to the petition, had other real estate assessed that was not described in the petition. After the report of the drainage commissioners was filed, and within the time fixed by statute, but before final judgment was rendered, he appeared and filed a remonstrance. This, the court held, he had a right to do; that he was not obliged to try his case by piecemeal, but might wait until he was brought into court by due notice, as required by §5624, *supra*, and thus make his remonstrance apply to the entire cause. Said drainage law, as we have shown, did not require that notice of the filing of the report of the drainage commissioners be given to appellant. In this case appellant waited until after final judgment was rendered, although notified of the pendency of the proceeding.

The court having jurisdiction of the subject-matter and jurisdiction of the parties, including appellant, the judgment confirming the report of the commissioners, as modified by the court and establishing the work, was final and conclusive. *Perkins* v. *Hayward*, 132 Ind. 95; *Hoefgen* v. *Harness*, 148 Ind. 224.

Judgment affirmed.