## BURNS ET AL. .*v*. HUFFMAN ET AL.

[Nos. 22,154, 22,155 and 22,156.   Filed May 12, 1914.]

1. INJUNCTION.—*Issuance.*—*Jurisdiction.* — A temporary restraining order, issued in vacation without notice upon a complaint verified upon information and belief, and upon which no summons had been issued and placed in the hands of the sheriff for service, to restrain the mayor and chief of police of a city from removing, and appointing the successor to, the city's civil engineer, is void for want of jurisdiction of the subject-matter and the persons. p. 591.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Proceedings by William Huffman and others against Robert M. Burns and others. From a judgment finding them guilty of contempt, the defendants appeal. *Reversed.*

*Foley, Royse & O'Mara* and *Lamb, Beasley, Douthitt & Crawford,* for appellants.

PER CURIAM.—Three separate appeals have been filed here, being appeals by Robert M. Burns, Louis Gerhardt, and Daniel Fasig, respectively city civil engineer, mayor and chief of police of the city of Terre Haute, from judgments finding each of them guilty of contempt, and assessing fines against them severally for alleged violations of a temporary restraining order, issued upon a complaint upon which no summons had been issued or placed in the hands of the sheriff when the restraining order was issued; which was issued in vacation, without notice, upon a complaint verified on information and belief, as to all its allegations, against the administrative and executive officer of a city of the second class, to control both his power and his discretion, in and by which order the mayor was restrained as such, from removing one Roberts as city civil engineer, and against the appointee Burns from taking possession of the office, and against the chief of police Fasig from interfering with Roberts as such engineer in such office, and requiring them to recognize Roberts as such. Each

case presents the same question. We have no brief from appellees, and have taken no further time under the circumstances than to find that the judge was without jurisdiction of the subject-matter and the persons to authorize the issuance of the order, and the judgment is reversed in each case, with instructions to the court below to sustain the motion of each appellant to discharge the rule to show cause, and to vacate the restraining order as against each appellant, with all costs to appellants against appellees in each case, back to the filing of the original complaint.

NOTE.—Reported in 105 N. E. 148. See, also, 22 Cyc. 1918.