McDONALD, TREASURER, *v*. STATE OF INDIANA, EX REL. KEATON, COMMISSIONER.

[No. 22,347. Filed May 13, 1914.]

1. DRAINS.—*Report of Viewers.—Effect of Confirmation.*—The order of the court confirming the report of the viewers in a drainage proceeding as to the cost of construction and the benefits to be assessed against the lands affected, leaves the cause on the docket for the purpose of carrying into effect the judgment rendered. p. 611.

2. DRAINS.— *Assessment of Benefits.*— *Reassessment.*— Where the bids submitted for the construction of a drain exceed the amount of the assessment of benefits made by the viewers, the drainage commissioner cannot abandon the work and enforce the collection of assessments to pay the costs and expenses incurred, but if such original assessment proves inadequate to complete the proposed improvement, the court has authority, under proper proceedings, to refer the matter to the drainage commissioners to reassess the benefits which will accrue in order to provide funds for the completion of the work.   p. 612.

From Shelby Circuit Court; *Albert F. Wray,* Special Judge.

Action in mandamus by the State of Indiana, on the relation of Albert R. Keaton, as drainage commissioner, against William A. McDonald, as treasurer of Shelby County. From a judgment for relator, the defendant appeals. *Reversed.*

*Meiks & Hack* and *A. E. Lisher* for appellant.

*D. L. Wilson,* for appellee.

SPENCER, J.—This is an action in mandamus wherein the relator seeks to compel appellant, as treasurer of Shelby County, to collect certain assessments made for the construction of a public drain in said county.   The trial court made a special finding of facts from which it appears that on January 27, 1910, Elbert V. Morrison and other landowners in said county filed their petition in the Shelby Circuit Court, asking for the drainage and reclamation of certain wet lands owned by said petitioners and further alleging that said lands could not be drained without affecting the lands of others.   Such further proceedings were had in said court as resulted in the issuance of an order therefrom, declaring the proposed work established and approving the assessments made by the drainage commissioners.   Thereupon appellee, as commissioner of construction, twice advertised for bids for the construction of said work.   In each instance, however, the bids received were

in excess of the total benefits assessed against the lands involved, and were rejected by appellee. He then reported to the circuit court that in his opinion the proposed ditch could not be constructed for the total amount of benefits assessed and that when he had collected sufficient funds to pay the costs and expenses of the proceedings, he would pay the same and get the matter out of court. No part of said drain was ever constructed and the same has been wholly abandoned. This action was instituted to compel the collection of a sufficient per cent of the benefits assessed to cover the costs of the proceedings and, on the facts as above stated, the trial court concluded, as a matter of law, that appellee was entitled to the relief asked. This appeal follows.

Appellant takes the position that after the circuit court had entered an order declaring the drain established and had appointed appellee as commissioner of construction, the drainage statutes did not authorize the latter to abandon the improvement and require the landowners affected to pay the costs of the proceedings; that it is one thing for the commissioner of construction to file a complaint showing that he is constructing the drain in question but that the parties whose lands are benefited have not paid their assessments, and ask that the same be collected by law, and quite another thing when such commissioner alleges that he has abandoned the construction of the proposed drain and that his only object in collecting the assessments is to pay the costs which have accrued and to dismiss the entire proceedings. This position is well taken. The order of court

1. which confirmed the report made by the viewers as to the cost of construction and the benefits to be assessed against the lands affected, left the cause remaining on the docket for the purpose of carrying into effect the judgment rendered. *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632; *Pleasant Tp.* v. *Cook* (1903), 160 Ind. 533,

67 N. E. 262; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670.

As was decided in *Murray* v. *Gault, supra,* if the original assessment of benefits in a drainage proceeding proves inadequate to complete the proposed improvement, the

2.   court is authorized under proper proceedings, to refer the matter to the drainage commissioners to reassess the benefits which will accrue in order to provide funds for the completion of the work. In support of this decision, the following language was quoted with approval from the case of *Rogers* v. *Voorhees* (1890), 124 Ind. 469, 24 N. E. 374: "The power of the court, until the work is fully completed and accepted, must be regarded as a continuing power within the limits above stated, viz., that the entire cost of the improvement must fall upon the lands benefited in proportion to the benefits which accrue to each tract affected, and that no tract can be assessed in a sum exceeding the amount of benefits resulting to it from the work, as adjudged by the court. What good reason can be suggested for holding that if on account of a supervening flood the cost of completing the work should be greatly increased, the court might not ascertain on a supplemental petition and notice whether or not the benefits to the lands might not be equal to the expense of constructing the work notwithstanding the enhanced cost. If, as in the present case, the cost or expense of completing the work is enhanced by expensive litigation, so that the amount expended must either be lost or an additional assessment made, in case the benefit to be derived will, in the judgment of the court, admit of it, we see no reason why a liberal construction of the statute will not authorize it to be done."

While it appears in this case that the bids submitted to appellee exceeded the original assessments made by the viewers, there is no showing that the cost of the proposed drain would be in excess of the actual benefits accruing to the lands affected.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in favor of appellant and to render judgment accordingly.

NOTE.—Reported in 105 N. E. 148. See, also, under (1) 14 Cyc. 1043; (2) 14 Cyc. 1062.