## STEENBURG ET AL. v. KYLE ET AL.

[No. 23,441.  Filed January 21, 1919.]

1.  DRAINS. — *Establishment.* — *Construction Along Line of Old Drain.*—The jurisdiction of proceedings to repair and enlarge an existing drain, under §§6141-6143 Burns 1914, Acts 1907 p. 508, is in the tribunal that established it.  p. 28.

2.  DRAINS. — *Repair.* — *Jurisdiction.* — *Conclusiveness of Judgment.*—Where a drain affecting lands in adjoining counties was established by a proceeding in the circuit court of one of the counties, and thereafter, in a proceeding in the court of the other county, a new drain was established, under §§6141-614? Burns 1914, Acts 1907 p. 508, over practically the same drainage course, the jurisdiction of the latter court cannot be attacked, in a subsequent proceeding in the former court to repair the drain, on the ground that the proceeding establishing the new drain was in fact nothing more than a proceeding to repair the old drain, since the court ordering the new drain had general jurisdiction of the subject-matter and the judgment therein cannot be attacked collaterally.  pp. 28, 30.

3.  JUDGMENT.—*Collateral Attack.*—Where a judgment of a court having general jurisdiction of the subject-matter is fair on its face, it is entitled to full faith and credit by courts of co-ordinate jurisdiction in the same state until set aside by appeal or by direct proceeding.  p. 29.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Petition by Alfred C. Steenburg and others against William G. Kyle and others to repair a drain.  From a-judgment of dismissal, the petitioners appeal.  *Affirmed.*

*Darrow & Rowley* and *O. W. Nichols,* for appellants. *M. R. Sutherland* and *R. N. Smith* for appellees.

MYERS, J.—Appellants, by petition filed in the Starke Circuit Court, on September 25, 1917, commenced this proceeding for the repair, deepening, enlarging and extending of what is known as the "Place ditch," and certain arms thereof, as authorized by §19, Acts 1907 p. 508, §6174 Burns 1914. It appears from the petition that in 1901, by order of the Starke Circuit Court, the Place ditch, including what was known as the "Blain" and "Robinson" arms were ordered and constructed, and affected lands in Starke and LaPorte counties.

The petition is questioned only by a remonstrance challenging the jurisdiction of the Starke Circuit Court over the subject-matter of the proceeding. In substance, it shows that in a certain proceeding had in the LaPorte Circuit Court, begun March 26, 1909, pursuant to §§2, 3, and 4, Acts 1907 p. 508, §§6141, 6142, 6143 Burns 1914, that court, upon petition of William G. Kyle and others, laid out and established a new ditch along the line of the Place ditch known as the "Kyle ditch," as also the "Fell" arm, formerly the "Blain" arm, and the "Chapman" arm along the line of the Robinson arm of the Place ditch; that such proceedings were had by the LaPorte Circuit Court whereby the last-named ditch and arms thereof were established and completed and assessments made for the payment of the work. Appellants' demurrer to this remonstrance was overruled, whereupon they answered by a general denial, and by affirmative matters not necessary to be here stated.

The issue thus formed was submitted to the court, trial had, facts specially found, and conclusions of law stated thereon as follows: (1) That the Starke Circuit Court "has no jurisdiction of the petition wherein

it seeks to clean out and reopen the original Place ditch from station 0 to station 425 of the main line, the Robinson arm and the Blain arm." (2) "That the petition describing and praying for a cleanout of the original Place ditch from station 0 to station 425, the Robinson arm and Blain arm, should be dismissed." The judgment was in accordance with the conclusions of law. Exceptions to the conclusions of law on the special findings of fact, and the assignment of error thereon, bring to our attention the only question involved in this appeal.

The findings, in substance, show that in a proceeding begun on April 15, 1901, what was known as the Place ditch and certain arms thereof known as the Blain and Robinson arms in Starke and LaPorte counties were established and constructed. On March 26, 1909, William G. Kyle and others commenced a proceeding in the LaPorte Circuit Court for the establishment and construction of a ditch which, as laid out and established, followed the line of the Place ditch from station 0 to station 425, and over the Blain and Robinson arms, thereafter known as the Kyle ditch, Fell and Chapman arms. Under the proceedings thus had the Kyle ditch and arms thereof were constructed according to the plans and specifications therefor, and all the lands theretofore assessed for the construction of the Place ditch were assessed to pay for the construction of the new ditch.

Appellants contend that the proceedings had in the LaPorte Circuit Court in no way affected the jurisdiction of the Starke Circuit Court over the original

1. Place ditch. It seems to us that a fair interpretation of the facts lead to the conclusion that the Place ditch was superseded by the Kyle ditch.

2. As we have seen, both ditches affected lands in Starke and LaPorte counties. The Place ditch

was completed long before the Kyle ditch proceedings were started. It is conceded that the proceedings in both courts covered practically the same course of drainage. It cannot be said that a new drain, if in fact it be a new one, cannot be established along the line of the old. This court has so held. *Clifton* v. *McMains* (1915), 184 Ind. 539, 111 N. E. 801; *Hauschild* v. *Roth* (1913), 181 Ind. 183, 104 N. E. 11. It has also held that jurisdiction over a previously constructed drain for the purposes contemplated by the provisions of §6174, *supra*, is in the tribunal establishing it. *Woodring* v. *McCaslin* (1914), 182 Ind. 134, 104 N. E. 759; *O'Toole* v. *Tudor* (1910), 175 Ind. 227, 93 N. E. 276; *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742.

But under the facts disclosed by the record before us, it was the opinion of the trial court—and to which we must agree—that the Place ditch had been consumed by the Kyle ditch, and therefore, under the rule giving to the court or tribunal jurisdiction for the purpose of §6174, *supra*, over drains constructed under its order and direction, it follows that this proceeding to repair has to do with a drain established by the judgment of the LaPorte Circuit Court. Having thus concluded, we are compelled to hold that the Starke Circuit Court is without jurisdiction to grant the relief for which appellants pray. But appellants insist that in truth and in fact the proceeding in the LaPorte Circuit Court was nothing more than a proceeding to repair and put the Place ditch in condition to properly perform the drainage for which it was designed and intended. However that may be, it was a matter which should have been presented at the proper time to the LaPorte Circuit Court. That court had jurisdiction generally over drainage proceedings. It had jurisdiction to determine the character of the proposed Kyle drain, and we must assume that it did so,

and rendered the judgment which is conceded to be fair on its face. That judgment is entitled to full faith and credit by courts of co-ordinate jurisdiction as well as by this court until set aside, either on appeal or by a direct proceeding brought in the court rendering it for that purpose. *Soules* v. *Robinson* (1901), 158 Ind. 97, 62 N. E. 999, 92 Am. St. 301.

Appellants do not claim that the judgment of the LaPorte Circuit Court establishing the Kyle ditch and confirming its completion has been set aside, or in any manner modified so as not to include that part of the original Place ditch, which they seek to have repaired under the order of the Starke Circuit Court. As we see this record, the success of appellants contention depends upon the sustaining of a collateral attack on a judgment not void *ab initio*. This we cannot do even though the judgment be wrong. *Stone* v. *Elliott* (1914), 182 Ind. 454, 476, 106 N. E. 710, and cases there cited; *Bruce* v. *Osgood* (1899), 154 Ind. 375, 56 N. E. 25.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 537. Judgment, conclusiveness, collateral attack, 23 Cyc 1090; 23 Am. St. 104.