IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1923, AND MAY
TERM, 1924, IN THE ONE HUNDRED EIGHTH AND ONE
HUNDRED NINTH YEARS OF THE STATE.

HIGGINS ET AL. *v.* SWYGMAN ET AL.

[No. 24,005. Filed December 13, 1923.]

1. DRAINS.—*Construction.*—*Reassessment of Benefits.*—After ordering a drain constructed and confirming the assessment of benefits, the court may, on proper petition by an interested party, order a reassessment of benefits, and if, by reason of changed conditions, the cost of construction and the amount of benefits should both be enhanced before a contract to construct the drain is let, it may, on proper petition and notice, refer to qualified drainage commissioners the question whether the cost of construction would still be less than the benefits, and to reassess the benefits if it is found that it would. p. 4.

2. PLEADING.—*Amendments.*—*Supplemental Pleadings.*—It is the policy of the law to permit such amendments to the pleadings and the filing of all such supplemental pleadings, cross-complaints or other pleadings as will bring the subject-matter of an action fully before the court as it exists down to the time when no further action in the matter by the court is required. p. 6.

3. DRAINS.— *Construction.*— *Supplemental Orders of Court.*— Where a court is charged with the duty of causing a public drain to be constructed, after having established it and ordered its construction, it has jurisdiction to entertain a petition by a qualified petitioner stating the facts showing that something is interfering with its construction, and may make such supplemental orders as will, if possible, bring about the construction at a cost not exceeding the actual benefits. p. 6.

4. DRAINS.—*Construction.—Procedure.—Aided by Civil Code.—Statute.*—The courts may refer to the Civil Code in aid of the procedure provided by the drainage statute, or to supply the method of procedure when such statute does not prescribe the method of proceeding, and in a proceeding to have a drain constructed, effect must be given to the provision of the Code requiring all actions to be prosecuted in the name of the real party in interest (§251 Burns 1914). p. 6.

5. PLEADING. — *Complaint.* — *Sufficiency.* — *Statute.* — However clearly a complaint may show the existence of a right of action in favor of somebody who did not file it, a demurrer for want of facts, under clause 5 of §344 Burns 1914, should be sustained to it if it fails to state a cause of action in favor of the party in whose name it is filed. p. 6.

6. DRAINS.—*Construction.—Procedure.—Reassessment of Benefits.— Proper Petitioner.*— A construction commissioner in charge of the work of constructing the drain and the collection of assessments, who is not the owner of land affected by the construction of the drain, is not "a real party in interest" so as to authorize him to petition the court for a reassessment of benefits, made necessary by an increase in the cost of construction. p. 6.

7. CONSTITUTIONAL LAW.—*Validity of Statute.—When Decided.*—The Supreme Court will not give an opinion on a constitutional question as to the validity of a statute unless it is necessary to do so in order to decide the questions presented by the record. p. 8.

From White Circuit Court; *William Robison,* Judge.

Proceeding by Hendrick S. Swygman and others for the construction of a public drain. From an order for the reassessment of benefits, on the petition of the construction commissioner, James S. Higgins and others appeal. *Reversed.*

*Palmer & Marvin* and *L. D. Carey,* for appellants.
*M. B. Beard,* for appellees.

EWBANK, J.—In July, 1916, certain of the appellees filed in the circuit court of White County, Indiana, a petition asking for the construction of a public drain. The petition was docketed and referred to the drainage commissioners, who made a report which, after being

amended and then modified as to certain assessments remonstrated against, was confirmed, on April 28, 1919, by a judgment which ordered "that the improvement as * * * described in said report be and the same is hereby established and ordered constructed and the assessments therein contained as modified are confirmed," and that George A. Thomas "be and is now appointed as drainage commissioner in charge of the construction of said ditch, and is ordered to advertise and let the contract for the construction thereof." Parts of the judgment preceding what we have quoted adjudged that the benefits assessed by the amended report against the lands of nine remonstrants should be reduced in the total amount of more than $900. The assessments of benefits thus confirmed exceeded $106,000. No appeal was taken by anybody from this judgment and the construction commissioner duly advertised the work of construction, but received no bids within the amount available for use in paying for it under the assessments made. More than five months after the entry of the judgment, and at a subsequent term of court, on October 4, 1919, the said George A. Thomas, naming himself as the commissioner to construct the ditch, filed his petition in the circuit court, which alleged as follows: That the drain had been petitioned for, and the drainage commissioners had laid it out and assessed benefits against the lands described in their report; that such benefits so assessed, after being modified, had been confirmed, and the improvement established and the ditch ordered constructed, as above stated; that he had attempted to let a contract for its con uction, but received no bids "for the reason that the of labor, fuel, appliances and other materials necessa in the construction of said improvement had so increased in price and in value since the filing of said report that said ditch could not be constructed for

the total of the net benefits assessed", but that, in his opinion, "it will cost from $155,000 to $160,000 to construct said ditch now"; that no part of the ditch had been constructed, and no contract for its construction had been awarded; that the actual benefits to the lands assessed will aggregate more than $175,000, and "therefore the benefits to the lands affected should be reassessed, reported to this court, and be made available for the construction of said ditch."

By demurrerrs to the said petition and otherwise, appellants interposed objections to the jurisdiction of the court to order a reassessment of benefits after having confirmed the original assessments and entered a final judgment establishing the ditch and ordering it constructed, even if it were petitioned for by proper parties, and to the right of George A. Thomas, as commissioner in charge of the construction of the proposed improvement, to maintain an action for such relief, all of which objections were overruled, and these rulings are presented for review. Some objections for lack of proper notice were also suggested, but were waived by a full appearance and the resistance of the petition on the merits, and we shall not further consider them.

The statute requires the drainage commissioners to whom a proposed work of drainage is referred to "estimate the cost thereof", as well as to "assess the benefits and damages." And if the report and judgment should be so prepared as to levy assessments for the construction of the drain less in amount than the benefits assessed, and the cost afterward should be found to exceed the estimate on which the assessments for construction were based, but to be within the benefits assessed, there can be no doubt that, upon petition by a party having the required interest, additional assessments could be levied, up to the amount of the benefits assessed. In *Murray* v. *Gault* (1913), 179 Ind.

658, 669, 101 N. E. 632, the court said: "We hold that, in proper cases, additional assessments may be made within the limits of adjudged benefits, to secure funds to complete the work of drainage." And if, by reason of changed conditions, the cost of construction and the amount of benefits should both be enhanced before a contract to dig the ditch was let, we have no doubt of the power of the court, upon proper petition and notice, to refer to qualified drainage commissioners the question whether the cost of construction would still be less than the benefits, and to reassess benefits if it were found that they would. *Board, etc.,* v. *Fullen* (1887), 111 Ind. 410, 12 N. E. 298, 13 N. E. 574; *Rogers* v. *Voorhees* (1890), 124 Ind. 469, 471, 24 N. E. 374; *Murray* v. *Gault, supra;* *McDonald* v. *State, ex rel.* (1914), 181 Ind. 609, 611, 105 N. E. 148.

The statute makes express provision for deepening, enlarging and extending a public drain after its construction, on petition of an owner of lands affected, and notice to other landowners, the cost to be paid from the benefits derived therefrom. §6174 Burns 1914, Acts 1913 p. 152, §19; *Huffman* v. *Newlee* (1919), 189 Ind. 14, 124 N. E. 731; *Kilty* v. *Michael* (1921), 190 Ind. 374, 130 N. E. 531. And under some circumstances a new proceeding may be instituted and maintained, on petition of the owners of lands affected and notice to the other landowners, for the construction of a new ditch that will drain part or all of the same territory, together with additional lands outside of the drainage district as originally laid out. *Steenburg* v. *Kyle* (1919), 188 Ind. 26, 121 N. E. 537; *Jackson Civil Township* v. *Darrow* (1922), 192 Ind. 136, 134 N. E. 779.

It is the policy of the law to permit all such amendments, and the filing of all such supplemental pleadings, cross-complaints or petitions as will bring the subject-

matter of an action fully before the court as it exists down to the time when no further action in the matter by the court is required. §§352, 356, 403, 405, 408, 858 *et seq.* Burns 1914, §§347, 351, 394, 396, 399, 815 *et seq.* R. S. 1881. And where a court is charged with the duty of causing a public drain to be constructed, after having established it and ordered its construction, it clearly has jurisdiction to entertain a proper petition by a qualified petitioner stating what, if anything, is interfering with its construction, and to make such supplemental orders as will, if possible, bring about the construction at a cost not exceeding the actual benefits. *McDonald* v. *State, ex rel., supra.*

But the drainage statutes all require the filing of a petition by one or more of the owners of lands which the proposed improvement will affect, and notice to the other owners of such lands, in order to confer jurisdiction on a court to levy assessments for the construction of a drain. And the general practice act, to which we may refer in matters of procedure under a special statute which does not expressly prescribe the method of proceeding, commands that every action shall be prosecuted in the name of the real party in interest, subject to certain exceptions that have no application to the case at bar. §251 Burns 1914, §251 R. S. 1881.

The petition on which the court acted in this case in reopening it and referring the matter back to the drainage commissioners for a further assessment of additional benefits was not filed by an owner of lands in the drainage district, whether the petitioners or another. George A. Thomas was the drainage commissioner appointed to collect the assessments and to superintend the construction of the ditch. He was required by the statute to be disinterested. §6143 Burns' Supp. 1921, Acts 1917 p. 292. The record shows

that, as a disinterested person, he had acted in the capacity of a commissioner to assess benefits and damages, and to lay out the ditch, and had joined in making the report which fixed the amount of benefits as confirmed by the judgment that ordered the ditch constructed, and the only suggestion of any interest he may have in this action is the allegation that the court appointed him commissioner to construct said improvement when it ordered its construction. As an officer of the court, this might give him a right of action for some purposes incident to the performance of his duty to dig the proposed ditch as ordered, and to collect the assessments levied for that purpose, as confirmed by the judgment appointing him. But it did not give him such an interest that he could maintain an action by petition, cross-petition or supplemental petition for relief which the statute only authorizes the court to grant at the suit of owners of the lands to be affected. However clearly a complaint or petition may show the existence of a right of action in favor of somebody who did not file it, a demurrer under the fifth subdivision of §344 Burns 1914 (Acts 1911 p. 415, §2) should be sustained to it if it fails to state a cause of action in favor of the party or parties in whose name it is filed. *Pence* v. *Aughe, Gdn.* (1885), 101 Ind. 317, 319; *Kinsley, Gdn.,* v. *Kinsley* (1898), 150 Ind. 67, 69, 49 N. E. 819; *American Trust, etc., Bank* v. *McGettigan, Rec.* (1899), 152 Ind. 582, 586, 52 N. E. 793, 71 Am. St. 345; *State, ex rel.,* v. *Liberty Tp., etc.* (1912), 50 Ind. App. 208, 210, 98 N. E. 149. The petition for a reassessment of benefits having failed to state facts showing that the petitioner was an owner of lands to be affected by the proposed drain, it was insufficient to withstand the demurrer filed by appellants.

Appellants challenge the validity of Acts (Spec. Sess.) 1920 p. 61, §8778k *et seq.* Burns' Supp. 1921, for

certain alleged reasons. But since the record 7. shows that the demurrer to the petition of George A. Thomas, as commissioner to construct the drain, was overruled on October 4, 1919, and that said act did not take effect until July 16, 1920, it is obvious that no question as to its constitutionality is presented by exceptions to such ruling. And the court will not volunteer an opinion on a constitutional question, the decision of which it is not necessary in order to decide the questions presented by the record. *Grand Lodge, etc., Trainmen* v. *Clark* (1920), 189 Ind. 373, 381, 127 N. E. 280, 18 A. L. R. 1190; *Aetna Ins. Co.* v. *Reyman* (1921), 191 Ind. 574, 132 N. E. 657.

The judgment is reversed, with directions to sustain the demurrers to said petition of George A. Thomas, as commissioner.