## HART ET AL. *v.* SWYGMAN ET AL.

[No. 25,006.   Filed March 11, 1930.]

*L. D. Carey,* for appellants.
*M. B. Beard,* for appellees.

GEMMILL, J.—This is the second appeal to this court in a certain drainage proceeding, petitioned for by Henry S. Swygman et al. in the White Circuit Court.   The first case appealed was *Higgins* v. *Swygman* (1923), 194 Ind. 1, 141 N. E. 788.   Prior to the first appeal, the public drain petitioned for had been established and ordered constructed, and the assessments as modified had been confirmed.   One George A. Thomas was appointed as construction commissioner to be in charge of the construction of the improvement, and was ordered to advertise and let the contract for the construction of same.

The construction commissioner advertised the work of construction, but received no bids within the amount available for use in paying for it under the assessments made. The commissioner then filed his petition in the circuit court for a reassessment of benefits, made necessary by an increase in the cost of construction. Demurrers to this petition were overruled by the circuit court. On appeal to this court, it was held in *Higgins* v. *Swygman, supra,* on December 13, 1923, that a construction commissioner in charge of the work of constructing the drain and the collection of assessments, who was not the owner of land affected by the construction of the drain, was not a real party in interest and was not authorized to file such a petition.

Thereafter, on May 2, 1924, Hendrick S. Swygman and seven others, who are appellees herein, filed in the White Circuit Court, their verified petition for a reassessment of benefits which would accrue to the lands affected by reason of the construction of the proposed ditch, made necessary by an increase in the cost of construction of the drain.

This petition stated that the petitioners were the owners of separate and distinct tracts of land which would be affected and benefited by the construction of the said ditch petitioned for by Swygman and others. It set out all the facts relative to former proceedings therein, among which were the following: The assessment of benefits confirmed by the court in this cause amounted to $106,669.57, and that, after deducting damages, costs and expenses, there would remain about $100,000 available for construction; the commissioner of construction advertised for bids for the construction, same to be received on May 24, 1919; that, at the time and place stated in the notice, no bids were filed, for the reason that the cost of labor, fuel and machinery necessary in the construction of said improvement had so

increased in price since the filing of the report that the ditch could not be constructed for the total of the net benefits assessed; on February 25, 1924, the commissioner of construction was ordered to readvertise for bids for the construction of the ditch; in pursuance of this order of the court, he gave notice that he would receive bids on March 22, 1924; at the time and place stated in the notice, he received five bids for the construction of the ditch, but the bids were not within the estimated benefits, as shown by the report of the drainage commissioners and the contract was not awarded; and the petitioners alleged that the ditch could not be constructed for the amount of money available for that purpose, but that the ditch could be constructed with an additional $35,000 and that the actual benefits to the lands affected and benefited by the construction of the ditch would be in excess of $175,000.

Appellants filed motions and demurrers to that petition, all of which were overruled by the court and exceptions taken. The cause was then referred back to the drainage commissioners, over the objections of the appellants. On October 1, 1924, the drainage commissioners filed their supplemental report, which report showed the original assessment of benefits, the supplemental benefits assessed, and the total benefits assessed.

Appellants claim that the court erred in overruling the motion to strike from the files the petition filed May 2, 1924; in overruling the motion that the petition state additional facts; in overruling the demurrer to the petition; in overruling the motion to strike from the files the report of the drainage commissioners filed October 1, 1924; in overruling the motion for a new trial, and in overruling the motion in arrest of judgment. It is also assigned as error that the court did not have jurisdiction to act on the petition filed May 2, 1924.

The opinion in *Higgins* v. *Swygman, supra,* constitutes

the law of this case. Therein, this court said: "The statute requires the drainage commissioners to whom a proposed work of drainage is referred to 'estimate the cost thereof,' as well as to 'assess the benefits and damages.' And if the report and judgment should be so prepared as to levy assessments for the construction of the drain less in amount than the benefits assessed, and the cost afterward should be found to exceed the estimate on which the assessments for construction were based, but to be within the benefits assessed, there can be no doubt that, upon petition by a party having the required interest, additional assessments could be levied, up to the amount of the benefits assessed. In *Murray* v. *Gault* (1913), 179 Ind. 658, 669, 101 N. E. 632, the court said: 'We hold that, in proper cases, additional assessments may be made within the limits of adjudged benefits, to secure funds to complete the work of drainage.' And if, by reason of changed conditions, the cost of construction and the amount of benefits should both be enhanced before a contract to dig the ditch was let, we have no doubt of the power of the court, upon proper petition and notice, to refer to qualified drainage commissioners the question whether the cost of construction would still be less than the benefits, and to reassess benefits if it were found that they would. *Board, etc.*, v. *Fullen* (1887), 111 Ind. 410, 12 N. E. 298, 13 N. E. 574; *Rogers* v. *Voorhees* (1890), 124 Ind. 469, 471, 24 N. E. 374; *Murray* v. *Gault, supra; McDonald* v. *State, ex rel.* (1914), 181 Ind. 609, 611, 105 N. E. 148."

Appellants, who were interested landowners, separately and severally demurred to the petition and, for cause of demurrer, said that the petition did not state facts sufficient to constitute a cause of action and did not state facts sufficient to warrant the action asked for in the petition.

The petition does not show that additional necessary

assessments could be made within the limits of the benefits assessed, and does not show that by reason of changed conditions the amount of benefits has been enhanced. One of these facts, at least, must be alleged. It is true that the petition states that actual benefits to the lands affected and benefited by the improvement would amount to $175,000, but this averment is not sufficient. Of course, the cost of construction must be less than the benefits, whether same be the adjudged benefits or the enhanced benefits, if any. The demurrer to the petition should have been sustained, and it was error to overrule same. As the petition was not sufficient, the report of the drainage commissioners filed October 1, 1924, should be stricken from the files.

The court had jurisdiction to consider such a petition, and, upon a proper petition, could refer the cause to the drainage commissioners. *Higgins* v. *Swygman, supra.*

The question arose in the case whether a new bond covering additional costs would be necessary in filing such a petition. The statute provides that, at the time of filing the petition for the drain, the petitioner or petitioners shall give a bond, with good and sufficient freehold sureties, payable to the state, to be approved by the court, to pay all expenses in the event the court shall fail to establish the proposed drain. The implied right to file a petition for reassessment of benefits should carry with it a bond for additional costs if the reassessment of benefits should not be finally approved.

Appellees claim that this petition comes within the provisions of ch. 22, Acts 1920 (Spec. Sess.) p. 61; and appellants claim that act is unconstitutional. The allegations of the petition do not bring it under that act. In this proceeding, there is no reason why the constitutionality of that act should be determined.

It is not necessary to consider the other errors assigned by the appellants.

The judgment is reversed, and the trial court is instructed to sustain the demurrer to the petition filed on May 2, 1924, asking for a reassessment of benefits; and to strike from the files the report of the drainage commissioners filed October 1, 1924.