Hill *et al. v.* Pollard.

Filed Oct. 31, 1891.

---

No. 15,918.

### HILL ET AL. *v.* POLLARD.

JUDGMENT.—*Complaint.—Defective Paragraph.— Overruling Demurrer to.— When not Available Error.*—Where a demurrer should have been sustained to a paragraph of complaint, there is no available error, if it is apparent from the record that the judgment rests upon a good paragraph or paragraphs of the complaint, for the court can see from the record that no harm was done the complaining party.

TRUSTS AND TRUSTEE.—*Real Estate.—Agreement to Furnish Money and Take Title in Name of Another.*—A. and B. agreed to purchase a certain tract of land for $5,700; A. was to furnish $2,500 to make the first cash payment, and B. was to assume the payment of the remainder, $3,200. It was agreed between A. and B., and assented to by C., the wife of B., that the title should be taken in the name of C., and should be held by her in trust for A. and B. A. turned over to B. United States bonds to the amount of $2,350 to be applied in payment on the land, and was to furnish the other $150 to B. in a short time, which he accordingly did. B. was entrusted to make the purchase, and the vendor not wishing to accept the bonds as part payment, B. obtained the money from C., his wife, and made the payment. Three days afterwards B. sold the bonds as the property of C. for $2,360, and $1,000 was paid in cash to B. as agent of C., and $1,360 was deposited to the credit of C.

*Held,* that the facts are such as to justify the trial court in finding and decreeing that C. held the land in trust, and that A. held an interest in

the land in proportion to the amount of his payment to the whole amount paid.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellants.

*S. A. Bonner, M. D. Tackett, B. F. Bennett* and *D. Wilson,* for appellee.

OLDS, J.—This suit was brought by the appellee against the appellants, Edith A. Hill, Elmer Hill and Lewis Wiley, to have a trust declared, and for partition or sale of the real estate in which he claimed an interest. The complaint originally consisted of six paragraphs, but all were dismissed except the first and second. A demurrer was filed as to the first and second paragraphs and overruled and exceptions reserved, and the appellants answered by general denial. The cause was submitted to the court, and on proper request the court made a special finding of facts and stated its conclusions and rendered judgment in favor of the appellee for $\frac{2500}{5700}$ of said real estate. Appellants Hill and Hill excepted to the conclusions of law, also filed a motion for new trial, which was overruled and exceptions reserved, and errors are assigned on these rulings. The two paragraphs of the complaint are substantially the same except in one particular. They allege that appellee and appellant Elmer Hill contracted and agreed that a certain tract of land in Decatur county, Indiana, describing it, should be purchased from one Joshua Christy; that the same should be purchased for $5,700; that of said sum appellee should furnish $2,500; that appellant Elmer Hill should pay as his part of the purchase price of said land the balance of the purchase price for said land; that Elmer Hill was not to pay his share of said purchase money in cash, but that he expressly agreed with said appellee that in consideration of his, said Pollard's, payment of said sum of $2,500 said Hill would assume the payment of two debts secured by a mortgage on said land, one for $700 to and in favor of one William S. Woodfill,

and one for $2,500 to and in favor of one Jesse Doyle, and by him assigned to one Wiley, who was made a defendant. The mortgages and assignments were made a part of the complaint as exhibits; that the amounts of money so to be advanced by said appellee and said Elmer Hill by the payments as set out in the paragraph was to constitute and determine their respective interests in said land.

It is also alleged that it was further agreed between said appellee and said Elmer Hill that said conveyance should be made by said Christy and his wife Martha to appellant Edith A. Hill, wife of said Elmer Hill, and that she should hold the legal title to said land, but that she should hold the same in trust for the benefit of said appellee, and said Elmer Hill, in accordance with and in pursuance of the aforesaid agreement between said appellee and appellant Elmer Hill; that in pursuance of the aforesaid contract said appellee did furnish the sum of $2,500 to said appellant Elmer Hill, with the express understanding and agreement that the same should be paid to said Joshua Christy as a part payment of said purchase price of said real estate; that in further pursuance of said contract said conveyance by said Christy and wife was made by deed, a copy of which is filed with and made a part of the complaint by exhibit to said appellant Edith Hill; that no part of said purchase money was paid by said Edith Hill; that said Elmer Hill has wholly failed to pay said Wiley any part of the mortgage debt due him, or any interest on the same, but that he has paid the Woodfill debt.

It is further averred that it was expressly understood and agreed between appellee and appellant Elmer Hill that said Edith was to accept said conveyance and to hold the same in trust to carry out the provisions of said contract as to the respective interests of said parties, and to account to the appellee for his share of the rents and profits in said land as his interest in said land entitled him to; that it was further agreed that if appellee became dissatisfied and desired

the land to be sold and his interest paid to him, the land should be sold and appellee's interest paid to him.

It is further averred that appellant Edith Hill accepted said conveyance with full knowledge of the facts and circumstances and contract aforesaid between appellee and her husband, she having the knowledge at and before the time she accepted the conveyance; that appellee is and for a long time has been dissatisfied and desirous to have the land sold, and the trust terminated, and the appellants, Hill and Hill, and each of them, fail and refuse to acknowledge the interest of appellee in the land, that said appellant Edith Hill holds the same and denies the interest of the appellee in the land.

The second paragraph expressly avers that the deed was so taken in the name of said Edith Hill in accordance with the agreement and without any fraudulent intent. The first paragraph does not contain any averment that the deed was so taken without any fraudulent intent, though the pleading shows by its averments that the deed was made in pursuance of a purchase for full consideration paid and to be paid, and the deed taken in the name of Edith Hill by mutual agreement of the parties paying the purchase-money and with her knowledge of and assent to such contract.

It is urged that the first paragraph is bad for the reason that it contains no averment to the effect that the transaction was a good faith transaction, made without any fraudulent intent. It is unnecessary to consider this question any further than to say that the second paragraph does contain such an averment, and the court, by its 14th finding of fact, finds " that the arrangement for the purchase of said farm and the placing of the title thereof in said Edith A. Hill was made in good faith and without any intention on the part of plaintiff in this cause to defraud his creditors."

From this finding it is clearly apparent that the appellants were not harmed by the ruling on the demurrer in overruling of the demurrer to the first paragraph, and that the

finding and judgment rests on the second paragraph. The material fact omitted from the first paragraph was considered, tried and determined, and the court made a special finding of the material fact alleged to be omitted in the first paragraph. The rule governing in such cases is well and clearly stated in Elliott's Appellate Procedure, section 666, and the authorities collected supporting the rule. In that section it is said : " If the record proper clearly shows that the judgment rests on the good paragraph or paragraphs, there is no available error, since the court can see from an inspection of the record that no harm was done the complaining party."

In this case it plainly appears that the omitted fact was determined and a finding of the fact by the court in its special finding of facts, and no harm was done the complaining party by the ruling, and, therefore, the court will not reverse the judgment on account of such error, it being harmless.

The next question presented arises on the overruling of the motion for a new trial, questioning the correctness of the facts as found by the court. We have examined the evidence and think it fairly supports the findings. True, there is a conflict in the evidence, but the weight to be given to the various items of evidence, or statements of witnesses, must be determined by the trial court.

It can hardly be seriously contended but that the appellee gave to the appellant Elmer Hill, prior to the execution of the deed, two United States Government bonds, amounting to and of the value of $2,350, in pursuance of their agreement, to be used by Hill to make the cash payment on the land, but it is contended on behalf of counsel for the appellant that neither the bonds nor the money received from the bonds were used in making such cash payment, but on the contrary the vendor refused to accept the bonds, preferring the money, and that Mrs. Hill furnished the money and made the payment, and some few days thereafter her

husband had the bonds cashed and converted the money received thereon to his own use, at least it is not claimed that he ever refunded the money to appellee.

There is some evidence tending to show, and from which the court may have found that there was an agreement made between appellee and appellant Elmer Hill to purchase the land, appellee furnishing the money for the cash payment, and to put the title in the name of Mrs. Hill, and this was talked over in the presence of and assented to by Mrs. Hill. The deed was executed and the cash payment made on the 13th day of March, 1886, and it appears by the testimony of the cashier of the Citizens' National Bank, that, on the 16th day of the same month, the bonds were sold to that bank for $2,360; that they were coupon bonds; that they were sold in the name of Edith A. Hill, and $1,360 of the amount deposited to her credit and $1,000 drawn in cash.

There is evidence, we think, from which the court may have found, as it did in fact find, that the agreement in relation to the farm was made between appellee and Elmer Hill; that the title to the land was to be taken in the name of Mrs. Hill, and that Mrs. Hill agreed to it; that appellee turned over the bonds, amounting to $2,350, to appellant Elmer Hill, he agreeing to furnish the remainder of the $2,500, being $150 for appellee, who was to repay it soon thereafter; that Hill made the purchase, and the grantor not desiring to accept the bonds as cash, thereupon Hill treated the bonds as his own, procured the money, $2,500, temporarily of Mrs. Hill, paid it over in lieu of the bonds, and held the bonds as the property of Mrs. Hill for the repayment of the money she had advanced in lieu of them, and three days later had them cashed as her property, and received $1,000 as her agent, and had the remainder deposited to her credit, and some time afterwards appellee paid to Hill the $150 advanced for appellee in making the cash payment.

This view of the evidence carries out the agreement honestly as made, and creates a trust in favor of appellee in the land as clearly and effectually as if the bonds had been delivered to the purchaser in payment of the land, and goes upon the presumption that the parties were acting honestly in the transaction. Suppose, instead of delivering to Hill the bonds, the appellee had given to him his check on the bank, payable to bearer, to be delivered to the purchaser. Instead of delivering the check Hill had paid the purchaser the money, and without appellee's knowledge he had retained the check as his own and procured it cashed, and kept the money, can it be said in justice and fair dealing that appellee's money did not go into the land? We think not. Or, suppose, without appellee's knowledge, before he paid the purchaser, he had drawn the money and deposited it in his general account in the bank, and then drew his own check on the bank in favor of the purchaser, and the purchaser had drawn the money on the check of Hill. In such a case we certainly think a court of equity ought not to hold that appellee's money did not go to pay for the land.

In case the check had been retained and the money paid, and afterwards the money drawn upon the check, it would be but a cashing of the check or advancing of the money upon it for the drawer, and in the case at bar it was a cashing of the bonds or advancing money upon them and afterwards disposing of them and retaining the money received in payment of the amount advanced. To hold to any other theory would be to hold that the parties, Hill and his wife, resorted to a trick in the absence of the appellee, obtaining his bonds to be used as a cash payment on the land in which he was to have an interest, and thus without his knowledge by practicing a fraud upon him and paying for the land out of other money and keeping the bonds, converting them to their own use and for the purpose of and with the fraudulent intent of depriving the appellee of any interest in the land. From the testimony of Mr. Christy, the grantor, it

appears that the appellee and the appellant Elmer Hill came to see him at his farm the day before the deal was made; that the next day he went to town and made the sale, transacting the business with Mr. Hill; that he declined to accept the bonds in payment, and he went to the house and upon request Mrs. Hill handed her husband the money and he paid it over to the grantor, and that afterwards in speaking of the transaction Hill said that he had sold some bonds of Mr. Pollard. The trial court must draw conclusions from what transpired and find the facts, and if there is evidence to support the conclusions drawn and facts found, this court will not disturb the finding. Equity regards that done which ought to have been done. If after obtaining the bonds Hill retained the bonds and furnished money in lieu of the bonds to pay the purchase-money, equity will treat the money as being substituted for the bonds and as being the money of the appellee when it was passed over to the grantor. We think the court drew the correct conclusions from the evidence.

It is contended further that the $150 paid afterwards did not go into this land so as to give the appellee an interest to that extent. We think it did. The transaction was agreed to between the parties, and appellee was to pay $2,500 as the cash payment in purchase of the land, and Elmer Hill was intrusted with the transaction of the business, and the balance of the $2,500 was paid to Hill in accordance with the agreement and received by him. The finding and judgment in favor of the appellee for $\frac{2500}{5700}$ of the real estate was correct. See *Hughes* v. *State*, 117 Ind. 470; Ballard's Real Estate Statutes, sections 340, 341, and authorities cited.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Nov. 22, 1892.