PIONEER CONTRACT COMPANY, INC. *v.* WILLIAMS

[No. 17,439. Filed January 25, 1946. Rehearing Denied March 5, 1946. Transfer Denied April 1, 1946.]

*James L. Murray*, of Indianapolis, for appellant.

*Theodore Lockyear*, and *Paul Wever*, both of Evansville, for appellee.

DRAPER, J.—The employer appeals from an award of the Industrial Board which granted compensation to the appellee on account of the death of her husband, Walter Williams, by electrocution.

The sole question presented is whether the fatal accident arose out of and in the course of the employment.

The undisputed evidence discloses that Williams was employed by the appellant as an assistant mechanic—a "trouble shooter out on the job." Appellant's construction superintendent testified it was Williams' duty to repair equipment, that whenever he went by a piece of equipment and saw anything wrong it was his duty to see what he could do and to call the master mechanic if necessary; that whenever he saw equipment that was

in trouble it was his duty to try to keep it going as far as possible.

In moving a crane along the road, other employees came to a high tension line too low for the boom, which was out of repair and could not be lowered, to pass under it. The foreman thereupon told the crane operator to let it stand while he went to seek help from the power company.

Williams came along, noted the difficulty and said he thought he could get the crane under the wire. The crane operator tried to discourage the attempt but testified that "He (Williams) was the trouble shooter and sent down there to take care of the machinery," and the operator moved the crane as directed. Williams climbed the boom and attempted to raise the wire with a piece of hose. He died instantly.

Appellant insists that under the evidence it was Williams' duty to look after mechanical repairs only, and in undertaking to move the crane he stepped aside from the line of his duty and became a mere volunteer. In this we cannot agree.

The appellant was engaged in repairing and widening a state highway with concrete. The construction superintendent testified there was no piece of equipment on the job that wasn't in trouble sometime. As we view it, the evidence would sustain the belief that Williams was not a mere repair man charged only with the duty of making mechanical repairs to machinery. He was also a "trouble shooter" whose duty it was, whenever he saw anything wrong with a piece of equipment, or saw equipment that was in trouble, to keep it moving if he could, and otherwise to call for help. In this case he thought he could move the crane himself.

Regardless of what other inferences might reason-

ably flow from the evidence, we believe the Board was justified in finding from it that when accidentally killed, Williams was attempting to perform one of the very acts he was employed to perform. For applicable principles see, *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 44 N. E. (2d) 998.

Award affirmed with statutory 5% penalty.

Crumpacker, J.—Dissents.

NOTE.—Reported in 64 N. E. (2d) 591.