AUTEN v. SEVIER ET AL.

[No. 19,965.   Filed November 20, 1964.]

*John D. Clouse,* of Evansville, for appellant.

*Loren G. McGregor,* of Princeton, for appellees.

CARSON, J.—This appeal comes to us from a judgment of the Posey Circuit Court against the appellant, plaintiff below, Betty Ann Schmett Auten, in an action to establish a resulting trust upon real estate held by the appellees, William R. Sevier and Anna Delores Sevier.

The first paragraph of appellees' answer was by way of a general denial and the second and third paragraphs of appellee's, William R. Sevier, answer was a counterclaim for certain expenditures for room and board claimed due from appellant. Appellant filed a motion to strike certain parts of the second paragraph of answer which was sustained, and a motion to strike out the entire pleading entitled third paragraph of answer which

was overruled. Appellant filed a partial demurrer to the second and third paragraphs which was overruled, after which ruling the appellant filed a reply to the second and third paragraphs of answer.

Trial was by the court and judgment was entered against the appellant on her amended complaint and against the appellee, William R. Sevier on his second and third paragraphs of answer and costs were granted the appellees.

The record shows that the facts, concisely stated, are as follows: the appellant, the sister of the appellee, Anna Delores Sevier, came to live with the appellees in the early part of 1954 in a house which the appellees rented, and continued to live with them until March of 1960. During the first year of her stay the appellant did not pay for her room and board. There seems to be some conflict in the evidence as to how the amounts were given but it appears that the appellant, a minor at the time, loaned the appellees the sum of $1,500.00 to build or to buy a home. On April 4, 1955, appellees purchased as tenants by entirety the home which they had rented, using the $1,500.00 of appellant as a down payment. On April 18, 1955, appellee, William R. Sevier, executed an agreement with the appellant which is plaintiff's exhibit number 2 and the pertinent parts of which read as follows:

"We the undersigned WILLIAM R. SEVIER AND BETTY ANN SCHMETT have entered into a partnership which pertains to the piece of property of which the description follows:"

. . . . .

"We as individual half owners may at any time purchase or sell to the other partner the remaining half. Either partner purchasing the other half shall pay the seller all of his or her equity.

We the undersigned have agreed to this contract."

After the purchase of the house appellees made various expenditures for maintenance, repairs and remodeling with the appellant's knowledge. Appellant contributed various sums of money to the appellees after this time, the appellant contending that said payments were for the purchase of the home and the appellees contending that the money was given as payment for room and board. The appellant argues that the $1,500.00 given to the appellees and the weekly payments made thereafter totaling some $3,433.97, including the $1,500.00, were given as payment for one-half interest in the house and claims such interest by way of a resulting trust created by oral agreement with the appellees made prior to the purchase and evidenced by the instrument subsequently executed on April 18, 1955. Appellees contend that the $1,500.00 was merely a loan.

The issues were formed by the appellant's amended complaint to which appellees filed a motion to make more specific and a motion to strike which was overruled. Appellees then filed a demurrer which was also overruled and answer was then filed by the appellees in three paragraphs, filed in compliance with Rule 1-3 of the Supreme Court of Indiana.

Appellant filed a motion for new trial which motion was overruled and which ruling the appellant assigns as error.

The appellant urges seven causes in support of her assignment of error. Number one that the decision of the court is contrary to law and numbers 2, 3, 4, 5 and 7 error of law in the exclusion or admission of certain testimony as evidence at the trial. Number 6 that the court erred in admitting evidence of the defendant as rebuttal evidence after the plaintiff and defendant had presented their cases and rested.

Cause number 1, the decision of the court is contrary to law, presents to this court the responsibility of determining whether or not, giving effect to the evidence most favorable to the appellee and all reasonable inferences to be drawn therefrom, reasonable minded men could not have arrived at the same conclusion. *Pokraka et al.* v. *Lummus Company* (1952), 230 Ind. 523, 104 N. E. 2d 669.

While it is true that resulting trusts are recognized in Indiana, §33-407, Burns' 1949 Replacement, the essential elements necessary to give rise to such a trust under appellant's theory are set forth in §56-608, Burns' 1961 Replacement, and in order for the appellant's theory to succeed each of these elements must be present. *Hadley* v. *Kays* (1951), 121 Ind. App. 112, 98 N. E. 2d 237; *Koehler* v. *Koehler* (1919), 75 Ind. App. 510, 121 N. E. 450. Those elements are: 1. There must be an agreement between the parties conforming to the requirements of clause number 3, §56-608 Burns' 1961 Replacement; 2. The agreement must have been made before the title to the real estate was acquired; 3. there must have been valuable consideration; 4. the transaction must have been free from fraud; 5. the proof must be clear and unequivocal; 6. the agreement must be fair. *Bullerdick* v. *Miller* (1926), 85 Ind. App. 369, 152 N. E. 280; *Koehler* v. *Koehler, supra.*

The appellant argues that the agreement executed on the 18th day of April, 1955, is undisputed evidence of an agreement between the appellant and the appellees proving a previous oral agreement between the parties and giving rise to a resulting trust, thereby satisfying the first requirement. Many authorities are cited by appellant giving the rule governing the treatment to be given

to undisputed facts on appeal. We agree with the law stated but we find that the only undisputed fact established by the instrument is that the instrument itself was executed and signed by the appellant and the appellee, William R. Sevier.

It has long been the accepted rule, that a resulting trust, if it arises at all, arises at the inception of title. Its existence depends entirely upon the transaction as it occurred up to that time, and it cannot be changed by any subsequent transaction except as such subsequent transaction may throw light upon the original. *Schwab* v. *Schwab* (1955), 130 Ind. App. 108, 162 N. E. 2d 329. Therefore if a resulting trust arose, the elements necessary for its existence must have been present before title was conveyed. The appellee contends that since title to the realty in question was taken by the entireties, the appellant had the burden of proving by a fair preponderance of the evidence that both appellees made such an agreement in order for the trust to arise. With this contention we cannot agree. As has been stated above, one of the essential requirements necessary under §56-608 Burns' 1961 Replacement is that the agreement must have been made either before or at the time of the execution of the conveyance. *Hadley* v. *Kays, supra.* If such an agreement existed, it mattered not in whose name title was taken, the trust would have arisen and appellant's interest become vested before title was perfected. The mere entry of another name upon a deed would not defeat it.

The real question for our consideration then, is whether there was sufficient evidence advanced by the appellant of an oral agreement creating a trust that, as a matter of law, the lower court erred in concluding that no resulting trust arose.

The rule is well established that parol evidence of the facts giving rise to a trust is admissible, *Schwab* v. *Schwab, supra,* but such evidence must be received with caution, *Matthews* v. *Adoniram Grand Lodge, etc.* (1958), 129 Ind. App. 395, 154 N. E. 2d 806 the rule being stated by this court in the case of *Costa et al.* v. *Costa et al.* (1953), 124 Ind. App. 128, 115 N. E. 2d 516, to be:

"Courts generally hold that to sustain a trust relation by oral evidence that the proof thereof must be clear and distinct; that it must be shown whether the trust is expressed, resulting or constructive and that the standard of evidence for such purpose is a superior measure of proof. The evidence must be higher in quality to substantiate the same—that is, in clearness, fullness and persuasiveness."

Although it is undisputed that $1,500.00 was given by the appellant to the appellees for the purpose of "buying or building a home", there is dispute in the evidence as to whether this money was given as payment of past room and board or with the idea of obtaining an interest in the property acquired, oral evidence being all that was offered. Conclusive proof is not presented of an oral agreement between the appellant and the appellees giving rise to a trust. The written agreement, executed fourteen days after title to the real estate was conveyed, and presented as evidence of a prior oral agreement is ambiguous and uncertain in meaning, which ambiguity the appellant attempts to remedy by her own interpretation of the instrument, an interpretation which is in direct controversy with appellee's interpretation. The rule is now well settled that §56-608, Burns' 1961 Replacement, extinguishes the common law presumption that he who furnished money for the purchase of land taken in the name of another

442

intended to acquire title for himself, *Makeever* v. *Yeoman, Admr.* (1919), 69 Ind. App. 324, 121 N. E. 672. Indeed, " . . . all presumptions are against him who seeks to establish a resulting trust, and the burden is upon him to prove all the elements essential under the statute to the existence of the trust." *Koehler* v. *Koehler et al., supra,* p. 528; *Schwab* v. *Schwab, supra,* p. 122. It is the opinion of this court that the appellant did not present a case of unconflicting evidence, as such it was the trial court's duty to weigh the evidence and, failing to find sufficient evidence to prove an agreement creating a resulting trust, we as the Appellate Tribunal cannot create such an agreement for them. This court will not reverse the finding of the trial court as being contrary to law unless the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, *Pokraka* v. *Lummus Co., supra; Sheets* v. *Garringer,* 135 Ind. App. 488, 194 N. E. 2d 757, such was not here the case.

Cause number 2 urges error concerning the court's ruling on an objection made by the defendant to certain testimony given by plaintiff's witness which objection was sustained and the answer stricken. The testimony which was stricken by the court contained both competent and incompetent evidence. Although an objection should separate the competent from the incompetent, *Huber Mfg.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132, it is not error to sustain an objection to the whole. *Western, etc., Ins. Co.* v. *Spencer* (1932), 95 Ind. App. 281, 179 N. E. 794; §1193, Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice,* ch. 36, p. 487.

Cause 3 of the appellant's argument urges error of the court in sustaining the objection of the defendant to

certain testimony given by plaintiff's witness. Even though the objection was sustained, the answer was not stricken, leaving the testimony in the record, therefore the error, if any, was harmless.

Appellant's assignment number 4 predicates error on the part of the court in overruling the objection of the plaintiff to a question asked by the defendant during direct examination of the defendant's witness. In examining this objection we find it was of such general nature as not to preserve a question for our consideration on appeal. The objection must be specific and state in definite terms the grounds on which it is based or it does not present a question for review. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

The argument urged by appellant under cause number 5 in support of appellant's assignment of error fails to cite authorities or to show by cogent argument in what manner she was substantially prejudiced by the admission of the testimony of defendant's witness, therefore such cause is waived under Rule 2-17(e) of the Supreme Court of Indiana.

Causes 6 and 7 of appellant's assignment of error are grouped and argued together and we shall so treat them. Error is urged in that the court allowed the appellees to introduce evidence and call a witness after the appellant had introduced her evidence in chief, appellees had introduced their evidence, and appellant had introduced her rebuttal evidence and rested. The appellant argues that nowhere did the appellees file a pleading denominated as a counterclaim and that as such their second and third paragraphs of answer were in the nature of set-off and the appellees had no right of re-

buttal. The elements required in order to constitute a pleading as a counterclaim are established by §2-1018, Burns' 1946 Replacement. Our Supreme Court has held that, "whether or not a pleading is a counterclaim is not determined by the designation given it but by the material facts stated therein." *State ex rel. Ziffrin* v. *Superior Court, etc.* (1961), 242 Ind. 246, 177 N. E. 2d 898; *Cleveland, etc., R. Co.* v. *Rudy* (1909), 173 Ind. 181, 89 N. E. 951; *Mills et al.* v. *Rosenbaum et al.* (1885), 103 Ind. 152, 154, 2 N. E. 313.

We believe that the answer filed by the appellees stated sufficient facts to constitute a cause of action in favor of the appellees and that the court's ruling, ▮ admitting the testimony in evidence objected to, as rebuttal evidence by appellees, was not error.

From a complete review of the entire record of this case it appears to us that the case was fully and fairly tried and that the court did not err in overruling the appellant's motion for new trial and its decision should therefore not be disturbed.

Judgment affirmed.

Faulconer, P. J., Cooper and Ryan, JJ., concur.

Note.—Reported in 202 N. E. 2d 274.