M.C. CATES AND ROSIE CATES *v.* JOHN JOLLEY AND THELMA JOLLEY.

[No. 378S42. Filed March 13, 1978.]

*Robert S. Koor,* of Muncie, for appellant.

*John C. Hynes, Louis W. Denney,* of Muncie, for appellee.

## ON PETITION TO TRANSFER

PIVARNIK, J.—This case comes to us on a transfer petition from the Court of Appeals, First District. The Delaware Superior Court entered summary judgment in favor of defendants-petitioners John and Thelma Jolley on December 12, 1975. Plaintiffs-respondents, M.C. and Rosie Cates, appealed to the Court of Appeals, which reversed the trial court and remanded the case to the trial court for further proceedings. The Court of Appeals decision was by way of an unpublished memorandum opinion, *Cates* v. *Jolley,* No. 2-576 A 174 (Ind. App., filed Aug. 2, 1977), by Lowdermik, J., with Robertson, C.J., concurring, and Garrard, J., by designation dissenting with opinion.

The sole question presented is whether the trial court was presented with any genuine issue of a material fact, the existence of which would have made the entry of summary judgment under Ind. R. Tr. P. 56 inappropriate.

As revealed by the pleadings, interrogatories, and affidavits before the trial court, the facts show that in 1973, M.C. Cates agreed with Thelma Jolley to paint the gables and a spot

above the front door on Thelma's home for fifteen dollars. Thelma was to supply, and did supply, a ladder for this job. The ladder was in two sections and was the property of one Clarence McCallister. A deposition indicates Cates' familiarity with ladders of this kind, and also that he inspected this ladder on the day in question and that he believed it was safe. In addition, Cates alleges that he extended the ladder and that he secured the lock mechanisms before starting his climb. After doing some paint scraping, Cates attempted to come down the ladder, but the lock mechanisms allegedly gave way causing the ladder to buckle and in turn causing Cates to have to jump off the ladder to the concrete below, whereupon injuries were allegedly sustained. Cates seeks to recover, alleging that Jolley breached her undertaken duty to supply a safe instrumentality for the doing of work by any independent contractor. It is noted that the ladder has since been used without repair and without any further accident.

The majority opinion in the Court of Appeals initially quoted from *Swanson* v. *Shroat*, (1976) 169 Ind. App., 345 N.E.2d 872 at 874, to indicate the standards for summary judgment:

> "The granting of a motion for summary judgment is appropriate '. . . if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Indiana Rules of Procedure, Rule 56(C). The burden is on the proponent of the motion to show that no genuine issues of fact exist, so in deciding whether to grant a summary judgment, facts set forth in the opponent's affidavit are taken as true, and depositions, admissions, answers to interrogatories, and testimony are liberally construed in favor of the opponent. *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640."

*Cates, supra,* slip op. at 2. Thereafter, the majority quoted from *Mitchell* v. *Smith*, (1965) 138 Ind. App. 93 at 96-7, 211 N.E.2d 809 at 811, dealing with general agency rules for employer-independent contractor liability and the exceptions in cases where the employer has furnished tools:

> "The general rule is that in a contractee-contractor relationship the contractee is not liable for injuries sustained by the contractor in the performance of the contract. Hilleary v. Bromley et al. (1946), 146 Ohio St. 212, 64 N.E. 2d 832; 57 C.J.S. Master & Servant § 607, p. 379. However, where the contractee agrees or undertakes to furnish the instrumentalities for doing the work he must use due care to provide that the instrumentalities furnished are reasonably safe for the purpose for which they are provided. 57 C.J.S. supra. This duty was discussed in the case of Cummings v. Union Quarry & Construction Co. (1935), 231 Mo. App. 1224, 87 S.W.2d 1039, cited in 31 A.L.R. 1411; in that decision the court stated that if the owner furnished the instrumentalities with which the work is to be accomplished, to the independent contractor, and retains possession and control over the place where the work was to be done and the instrumentalities, the independent contractor is then placed in the same standing as a servant and employee in that due care must be exercised by the employer to see that the place and instrumentalities are reasonably safe for the purpose for which they are furnished."

*Cates, supra,* slip op. at 3. From the facts and the above law, the majority then determined that four genuine issues of material fact existed in this cause: (1) whether the locking mechanism of the extension ladder was defective as contended by Mr. Cates; (2) whether Mr. Cates was negligent in putting the ladder together; (3) whether a reasonable prudent person in the position of the Jolleys would have first inspected the ladder before allowing Mr. Cates to use it, and; (4) what an inspection of the ladder by the Jolleys prior to allowing Mr. Cates to use it would have revealed.

In examining the entire record in this case, it appears that there is no genuine question as to the facts to be found in either the pleadings or in the affidavits filed before the trial court in the summary judgment hearing. There appears to be no conflict in the fact that this ladder belonged to one Clarence McAllister, who kept it in the garage of Thelma Jolley for convenience sake and by agreement of her. It further appeared that Thelma was aware that Mr. McAllister used it from time to time in his work as a handyman, which apparently involved

climbing for purposes of painting, carpentry and such matters about homes and buildings. It further appears that there was a rather loose understanding between these parties that the plaintiff would use this ladder in this work, but that no warranty was made by Thelma Jolley as to its condition. On the contrary, the plaintiff himself indicated in his affidavit filed with the court that he did not rely on any representation from her as to the condition or utility of this ladder. He testified that he was very familiar with this ladder and its use and operation and that he made an inspection of it before using it. His testimony was that no defect was apparent, and as a matter of fact there is nothing in this record at this time to indicate that there was or is any defect in the ladder. Furthermore, the testimony of all the witnesses reveals that the character of a ladder such as this one is not so complex that a detailed mechanical knowledge is necessary to be able to determine latent or patent defects in its condition.

The principles of *Mitchell* v. *Smith, supra,* which were relied upon by the Court of Appeals, can be distinguished from the situation presented here because Thelma Jolley in no way directed the plaintiff in the way he was to do the work. We therefore adopt the reasoning of Judge Garrard, in his dissenting opinion in the Court of Appeals, relative to the available alternatives which might be found from the facts in this case, as follows:

"(1)   The ladder had no defect when furnished, but did fail at the moment of Cates' use. Under such a determination Jolleys are not liable.

(2)   The ladder was not defective, and the collapse was caused by Cates' failure to properly connect the two sections. Again, Cates would not be entitled to recover assuming his admitted familiarity with such ladders.

(3)   The ladder (specifically the latch mechanism) was defective when placed in use by Cates. The critical information before the court regarding this alternative were Cates' admissions that he was familiar with such ladders, that he did not rely on Jolleys' knowledge of the ladder but inspected it himself, and that he observed no defects. This hypothesis thus presents the classic liability-destroying

alternative based upon the duty of both parties to use reasonable care which was discussed in *Hunsberger* v. *Wyman* (1966), 247 Ind. 369, 216 N.E.2d 345; and *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N.E.2d 93. If the defect was discoverable then Cates was guilty of contributory negligence based upon his actual inspection. If the defect was not discoverable so as to preclude contributory negligence, then Jolleys did not breach their duty of reasonable care in furnishing the ladder."

*Cates, supra,* dissenting slip op. at 2. Following the reasoning of Judge Garrard, there is nothing further for the trier of facts to hear that would be material and that would lead to anything but speculation.

Transfer is granted, and the decision of the Court of Appeals is vacated. The judgment of the trial court entering summary judgment in favor of the defendants-petitioners is affirmed.

All justices concur.

NOTE.—Reported at 373 N.E.2d 877.