Charles H. CRISS, John B. Criss, Sarah E. Criss, Martha T. Bitzegaio, Administratrix of the Estate of Eleanor J. Criss, Deceased; and J. Morton Swango, Appellants-Defendants,

v.

Harold J. BITZEGAIO,
Appellee-Plaintiff.

No. 1–179A16.

Court of Appeals of Indiana,
Fourth District.

April 7, 1980.

Rehearing Denied May 22, 1980.

Charles H. Criss, Fern & Criss, Peru, for appellants-defendants.

Luther G. Johnson, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, Craig, Craig & Yelton, Brazil, for appellee-plaintiff.

CHIPMAN, Judge.

This action was brought by plaintiff-appellee Harold J. Bitzegaio to establish a resulting trust over certain real estate located in Vigo County, Indiana. The trial court granted Bitzegaio's motion for summary judgment and ordered defendants to convey an undivided one-third interest in the property to plaintiff. Defendants appeal, raising the following issue for our review:[1] whether the facts established by the pleadings and affidavits support the finding of a resulting trust in favor of Bitzegaio.

Reversed.

The trial court found that in November or December of 1948, Harold Bitzegaio, Lee Criss and Morton Swango entered into an oral agreement for the purchase of certain property in Vigo County. The real estate was purchased by Criss and Swango at a tax sale on April 4, 1949. Pursuant to the agreement between the parties, Criss and Swango each paid one-half the purchase price with the understanding that Bitzegaio would later pay to each of them one-sixth of the purchase price, at which time Criss and Swango would convey to the plaintiff a one-third interest in the property. Lee Criss died unexpectedly in February of 1960, without having executed a deed conveying any interest in the property to Bitzegaio.

Following acquisition of the real estate, Bitzegaio paid one-third of the taxes, insurance, abstract fees and costs of purchasing an easement for the property. Bitzegaio also expended money for maintenance and improvements on the property. In addition, Criss and Swango agreed to allow Bitzegaio credit for one-third of the receipts from farming operations on the real estate. The trial court determined in ruling on plaintiff's motion for summary judgment that pursuant to the parties' agreement, Bitzegaio paid the full amount due for a one-third interest in the property. The court found a resulting trust in favor of Bitzegaio and ordered defendants to convey an undivided one-third interest in the property to the plaintiff.

Defendants Charles, John and Sarah Criss are the children of Lee Criss. On appeal, they argue the facts established by the pleadings and affidavits submitted in support of plaintiff's motion for summary judgment do not support the finding of a resulting trust in favor of Bitzegaio. We agree.

The most prevalent type of resulting trusts are: (1) those arising upon the failure of an express trust and (2) those arising on a conveyance of property to one person on a consideration from another. This case involves the latter type, which has received statutory recognition in Indiana. Ind.Code 30–1–9–6 provides:

> When a conveyance for a valuable consideration is made to one person, and the consideration therefore paid by another, no use or trust shall vest in the former, subject to the provisions of the next two sections.

Ind.Code 30–1–9–8 provides, in relevant part:

> The provisions of the section next before the last, shall not extend to cases where . . . it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title

---

1. While appellants raise several issues for our consideration, because of our reversal we need only address issue number 2.

shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof.

■ The elements of a resulting trust were set forth in *Auten v. Sevier*, (1964) 136 Ind.App. 434, 202 N.E.2d 274: there must be clear and unequivocal proof of (a) a fair agreement between the parties, (b) made for valuable consideration, which consideration need not consist of actual money, (c) before title to the property was acquired (d) which is free from fraud. It is quite clear that a resulting trust arises at the inception of title and, therefore, all the above mentioned elements must be present at the time of conveyance. The existence of the trust depends entirely upon the transaction as it occurred up to that time and it cannot be created by any subsequent transactions. *Auten, supra; Schwab v. Schwab*, (1959) 130 Ind.App. 108, 162 N.E.2d 329.

■ In his Brief in Support of Motion for Summary Judgment, Bitzegaio argued that his expenditure of money for improvements and maintenance on the property and the farming receipts serve as the consideration necessary to support a resulting trust in this case. This view was erroneously adopted by the trial court. It must appear the trust claimant furnished the purchase-money or other valuable consideration before or at the time the conveyance is made. A resulting trust *cannot* be created by funds or other considerations subsequently furnished. *Boyer v. Leas*, (1946) 116 Ind. App. 502, 64 N.E.2d 38 *rehearing denied* 116 Ind.App. 502, 64 N.E.2d 591; *Kemp v. Elder*, (1930) 91 ind.App. 65, 170 N.E. 90; *Rickes v. Rickes*, (1923) 81 Ind.App. 533, 141 N.E. 486. These expenditures by Bitzegaio, some made years after Criss and Swango acquired title to the real estate, cannot serve as the necessary consideration to support a resulting trust in this case.

■ It has been held that where money is borrowed to purchase property, the lender taking legal title to the land in his own name to secure a loan, a resulting trust in the property arises binding the lender in favor of the borrower. *McClellan v. Beatty*, (1944) 115 Ind.App. 173, 53 N.E.2d 1013, 55 N.E.2d 327. However, Bitzegaio did not allege or offer to prove the existence of any such loan agreement. It has also been recognized while a resulting trust must arise at or before the time of the conveyance and cannot be created by funds subsequently furnished, this rule is satisfied by the assumption of an absolute obligation to pay which is incurred as part of the original transaction of purchase. *See, e. g. Rickes v. Rickes, supra*, (trust claimant incurred $300 purchase money mortgage as part of original transaction). In such a case it is the trust claimant's credit which facilitates the purchase of the property, and equity will recognize this fact by finding a resulting trust in his favor. In the present case, however, Bitzegaio did not assume an absolute obligation to pay as part of the original purchase transaction. Bitzegaio merely alleged:

Criss and Swango each paid one-half of the purchase price with the understanding that plaintiff would repay to each the said Criss and Swango one-sixth of the purchase price and when said amounts were paid, Criss and Swango would convey to Plaintiff a one-third interest in the real estate.

This "understanding" that Bitzegaio would later pay Criss and Swango for one-third of the purchase price falls far short of an absolute obligation to pay which would support a resulting trust. Our statute of frauds[2] would have prevented Criss and Swango from enforcing Bitzegaio's promise to pay for the land, *if* indeed a true *promise* was made. There was therefore no enforceable obligation. We also note that no time was set for this payment by Bitzegaio, and in fact, Bitzegaio admits he still owed Criss and Swango $39.76 in 1960, eleven years after the acquisition of the property. This is clearly not a case in which the trust claimant's credit facilitated the purchase of the trust property. Bitzegaio in no way contributed to the payment of the purchase money advanced by Criss and Swango.

**2.** IC 1971, 32–2–1–1 (Burns Code Ed.)

In the case of *Nettles v. Doss*, (1942) Tex.Civ.App., 161 S.W.2d 138, the court held:

> The pleadings and proof of the appellants go no further than to show that the appellee agreed to purchase the land with his own money and at some later date to reconvey the same to the appellants upon their repayment to him of the money he had necessarily expended in the transaction. [A]t the time of the purchase of the land by the appellee the appellants had no interest therein, nor did they furnish or become bound for any part of the purchase price paid by the appellee. The purported parol promise of the appellee was therefore, without consideration, comes within the inhibition of the statute of frauds, and is unenforceable.

161 S.W.2d at 141. Similarly, in *Gunstone v. Walker*, (1930) 157 Wash. 475, 289 P. 53, the court held:

> A parol agreement between two persons to purchase a single tract of land together, where the purchase is finally made by one of them, who pays the whole of the purchase-price and takes the title to himself, the other simply agreeing to pay him one-half thereof on demand, does not create a resulting trust in favor of the one who contributes nothing to the payment of the purchase-price.

289 P. at 55.

In short, we find no case law which would support a holding that Bitzegaio's oral agreement to pay Criss and Swango one-third of the costs of acquiring the property at some indefinite time in the future serves as sufficient consideration to support a resulting trust in his favor. The judgment of the trial court is therefore reversed and this cause is remanded with instructions the judgment be entered for the appellants.[3] As defendant Swango has not appealed from the decision of the lower court, our reversal in no way affects the judgment entered against him at the trial level.

MILLER, P. J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I dissent.

Our review of a summary judgment is two-pronged. First, was there a genuine issue of material fact? Second, was the law correctly applied to those facts which were found to be without dispute?

First I examine the trial proceedings to determine whether there was a genuine issue of fact. Plaintiff Bitzegaio advanced a theory of resulting trust in his amended complaint. Paragraph no. 2 of the complaint discloses that L. L. Criss and J. Morton Swango each paid half the purchase price of the land. This paragraph also discloses an "understanding" that eventually Bitzegaio would receive a one-third interest in the land.

Bitzegaio's affidavit expanded upon this arrangement. In it he itemized the expenditures he had made pursuant to the alleged understanding. A counter-affidavit was filed by defendant Charles H. Criss. *Nothing in it contravened the Bitzegaio affidavit.* The Criss affidavit merely recounts some historical information about the use which was made of the land. Much of this affidavit is hearsay. Nothing in the Criss affidavit raises a genuine issue of material fact in opposition to Bitzegaio's theory of resulting trust.

Such was the posture of the case when the motion for summary judgment was entertained by the trial court. Insofar as the existence of the resulting trust depended upon the presence of certain facts, the trial court was faced with a situation in which the defendants had failed to point out any genuine issue of material fact. Of course, the failure of the defendants to respond effectively to a motion for summary judgment does not automatically entitle Bitzegaio to a summary judgment. *Smith v. P.*

---

**3.** Appellants Criss filed a motion for judgment on the pleadings but the trial court granted appellee's motion for summary judgment. Under our decision in this case the court should have treated the motion for judgment on the pleadings as a motion for summary judgment and entered judgment for appellants Criss. (Trial Rule 12C)

& B. Corp., (1979) Ind.App., 386 N.E.2d 1232, 1234; *Layman v. Atwood,* (1977) Ind. App., 370 N.E.2d 933, 935; *Levy Co. v. State Bd. of Tax Comm'rs,* (1977) Ind.App., 365 N.E.2d 796, 798. Nonetheless the party against whom judgment is sought runs the risk of suffering an adverse ruling if he fails to defend affirmatively against the motion. "Although Bassett was under no obligation to present evidence sufficient to establish her claim, she was obliged to put forth sufficient basis upon which the court might find existence of a genuine triable issue." *Bassett v. Glock,* (1977) Ind.App., 368 N.E.2d 18, 23. "The moving party has the burden of proving the non-existence of a factual issue, but when the materials filed by the moving party establish the lack of a genuine issue of material fact, it is incumbent on the opposing party to comply with Trial Rule 56(E) and to show a genuine issue." *Middelkamp v. Hanewich,* (1977) Ind.App., 364 N.E.2d 1024, 1031; *see also Lazarrus v. Employers Mut. Cas. Co.,* (1977) Ind.App., 364 N.E.2d 140, 142; *Western State Bank of South Bend v. First Union Bank & Trust Co. of Winamac,* (1977) Ind. App., 360 N.E.2d 254, 259; *Walters v. Kellam & Foley,* (1977) Ind.App., 360 N.E.2d 199, 204–05; *Letson v. Lowmaster,* (1976) Ind.App., 341 N.E.2d 785, 788; *Cunningham v. Universal Battery Division,* (1976) Ind. App., 352 N.E.2d 83, 86. The failure of the defendants to have controverted the Bitzegaio affidavit means that the facts therein are deemed admitted. *Carvey v. Indiana Nat. Bank,* (1978) Ind.App., 374 N.E.2d 1173, 1174 n. 1. Also, the failure of the defendants to have demonstrated a genuine issue at the trial level now bars them from attacking the judgment on appeal on the ground that there is a genuine issue of material fact. *Batchelder v. Haxby,* (1975) 167 Ind.App. 82, 337 N.E.2d 887, 890.

Consequently, by reason of all this the defendants are now barred from challenging the judgment on the ground that there is a genuine issue of material fact. Therefore I turn to the second dimension of our review, namely, did the facts as alleged by Bitzegaio entitle him to the relief granted by the trial court?

A resulting trust of the type here in question is a purchase money resulting trust. *G. Bogert,* Law of Trusts § 74 (1973). As Bogert points out, at p. 280, Indiana has placed limitations on this type of trust. These limitations are found in IC 30–1–9–6–8. A resulting trust may still arise if "it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." The obligation of Bitzegaio to pay a portion of the purchase money can be fulfilled by making payment before or after the conveyance. The key issue is whether Bitzegaio's obligation existed at the time of the conveyance. *Rickes v. Rickes,* (1923) 81 Ind.App. 533, 141 N.E. 486. The obligation did in fact exist. This obligation was Bitzegaio's alleged "understanding."

The majority hold that the alleged "understanding" did not satisfy the supposed requirement of *Rickes v. Rickes* that the agreement be an "absolute obligation to pay." Whether an agreement is an "understanding" or an "absolute obligation to pay" presents a question of *fact;* i. e. what was the intent of the parties? Because intent in the context of this case is a question of fact, a summary judgment generally may be avoided by raising this as an issue of fact. *Petro v. McCullough,* (1979) Ind.App., 385 N.E.2d 1195, 1196 (state of mind is a question of fact); *Bassett v. Glock,* (1977) Ind. App., 368 N.E.2d 18, 21 (same); *First Federal S. & L. Ass'n v. Baugh,* (1974) 160 Ind.App. 102, 310 N.E.2d 101, 104–05; 73 Am.Jur.2d *Summary Judgment* § 5 (1974). However, as pointed out earlier it is too late in the day for either the defendants or this Court to be raising issues of fact. Because the defendants failed to challenge the agreement on any factual grounds, we must accept as true Bitzegaio's averment that the agreement represented his obligation to pay. This being so, he has succeeded in establishing his right to summary judgment.

I also disagree with the particular disposition ordered by the majority. The majority have ordered that judgment be entered for defendants. This is wrong. Not only have they erred by raising a factual issue to overthrow the judgment, they have compounded the error by resolving this fact issue against Bitzegaio and in favor of defendants. A more palatable position would be to remand for further proceedings so that at least Bitzegaio has an opportunity to resolve this issue in his favor.