**Eugene M. DODD, Donald D. Dodd, Individually and d/b/a Dodd's Electric Service and Dodd's Electric Service, Inc., Appellant (Defendant Below),**

v.

**Samuel KIEFER, Russella Kiefer, Raleigh E. Wininger, Jr., Shirley J. Wininger, and State Farm Fire and Casualty Company, Appellee (Plaintiff Below).**

No. 1–980 A 257.

Court of Appeals of Indiana, First District.

Feb. 16, 1981.

Robert W. Wade and Daniel D. Trachtman, Ricos, Wade & Price, Indianapolis, for appellant.

John T. Lorenz, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellant Dodd brings this interlocutory appeal from the denial of a summary judgment. We affirm.

On the 2nd of December, 1979, Kiefer brought a two count suit (negligence and products liability) against Dodd, an electrical contractor, as a result of a fire in Kiefer's home. Dodd filed a motion for summary judgment on the basis of IC 34–4–20–2 which bars recovery for deficiencies in improvements of real property after ten years from the date of substantial completion of the improvement. The trial court denied Dodd's motion on the basis there was a genuine issue of material fact relating to the date of substantial completion. The trial court additionally held that the ten year statute applied to both counts of the complaint.

Our court has often referred to when a summary judgment is appropriate.

Ind. Rules of Procedure, Trial Rule 56(C) states that summary judgment is appropriate only when 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' 'A fact is material if it tends to facilitate resolution of any of the issues either for or against the party having the burden of persuasion on that issue.' 'However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation.' In other words, a factual issue is 'material' if it bears on the ultimate resolution of relevant issues, while a factual issue is 'genuine' if it is not capable of being conclusively foreclosed by reference to undisputed facts. (Citations omitted).

*Stutevill v. Downing*, (1979) Ind.App., 391 N.E.2d 629 at 630–631. Also, we have stated:

The burden is on the proponent of the motion to show that no genuine issues of fact exist, so in deciding whether to grant a summary judgment, facts set forth in the opponents' affidavit are taken as true, and depositions, admissions, answers to interrogatories, and testimony are liberally construed in favor of the opponent. *Cates v. Jolley*, (1978) 268 Ind. 74, 373 N.E.2d 877; *Swanson v. Shroat*, (1976) 169 Ind.App. 80, 345 N.E.2d 872.

We are also guided in making our determination by the statutory definition contained in IC 34–4–20–1:

The term 'date of substantial completion' shall mean the date upon which construction of an improvement to real property is sufficiently completed, in accordance with a contract of construction, as may be modified by an alteration or amendment agreed to by the parties to the contract, so that the owner of the real property upon which the improvement is constructed can occupy and use the premises, or the specified area of the premises, in the area contemplated by the terms of the contract.

The evidence available to the court in making a ruling on the summary judgment consisted of two facts. The first was that Dodd completed the electrical work on the home on or before March 14, 1969. Second, Citizens Gas's records show that gas service was changed from the contractor to Broshears, apparently, the first owners of the house in question, on March 10, 1969.

 Given the burden of the movant for summary judgment and the statutory definition of substantial completion, neither we, nor the trial court, can say as a matter of law that these two facts, singly or collectively, eliminate a material issue of fact regarding the date at issue. It may well be at trial that these dates in March, 1969, along with other appropriate facts will prove the date of substantial completion, however, the evidence before the court in the current posture of the case fails to do so.

 Kiefer raises a cross error in the ruling of the trial court applying the ten year statute of limitations to the products liability count of the complaint, in that the limitations contained in IC 34–1–2–1 and IC 34–1–2–2 of six or two years from the date of accrual, which in this case would be December 25, 1977, should apply to this cause of action.[1]

We do not agree for two reasons. IC 34–4–20–2 is very broad in its application for it bars recovery of damages "upon contract, tort, nuisance, or otherwise". We believe, under the facts of this case, there is no statutory intent to exclude products liability, a form of tort, from this statute of limitations. Second, *Luxurious Swimming Pools, Inc. v. Tepe*, (1978) Ind.App., 379 N.E.2d 992, tacitly indicated IC 34–4–20–2 applies to allegations of implied express warranty and implied warranties of fitness and merchantability because the basis for the case of action is founded on injury to *real property*. (Our emphasis). The same reasoning is applicable here.

 Furthermore, the statute of limitations in force at the time of suit governs, even though it may shorten or lengthen the period of limitation. *Walsh v. Halteman*, (1980) Ind.App., 403 N.E.2d 894.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.

---

1. This particular problem has been subsequently resolved with the passage of the Indiana Product Liability Act, IC 33–1–1.5–1 *et seq.*