Charles H. CRISS, John B. Criss, Sarah E. Criss, Martha T. Bitzegaio, Administratrix of the Estate of Eleanor J. Criss, Deceased; and J. Morton Swango, Appellants (Defendants below),

v.

Harold J. BITZEGAIO, Appellee (Plaintiff below).

No. 581S142.

Supreme Court of Indiana.

May 26, 1981.

Rehearing Denied July 31, 1981.

Charles E. Criss, Fern & Criss, Peru, for appellants Charles H. Criss, John B. Criss, Sarah E. Criss, and Martha T. Bitzegaio, Administratrix of the Estate of Eleanor J. Criss, Deceased.

Luther G. Johnson, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for appellee.

## ON PETITION TO TRANSFER

HUNTER, Justice.

This case is before this Court upon the petition to transfer of plaintiff-appellee, Harold J. Bitzegaio. The trial court entered a summary judgment in favor of Bitzegaio, finding that there was a resulting trust in his favor which grew out of an agreement between three men to purchase certain real estate located in Vigo County, Indiana. The court ordered defendants to convey an undivided one-third interest in the property to Bitzegaio. The Court of Appeals, Fourth District, found that there was not sufficient evidence to support a resulting trust in Bitzegaio's favor and reversed the trial court's decision in a divided opinion. *Criss v. Bitzegaio*, (1980) Ind.App., 402 N.E.2d 1279. We now grant transfer and reverse. Accordingly, the decision and opinion of the Court of Appeals are hereby vacated, and plaintiff's petition to transfer is granted. We affirm the judgment of the trial court.

The facts established by the pleadings, admissions and affidavits submitted in support of Bitzegaio's motion for summary judgment show that in late 1948, Lee Criss, Morton Swango, and Harold Bitzegaio entered into an oral agreement for the purchase of property in Vigo County. Each man was to contribute one-third of the purchase price and own an undivided one-third interest in the property. However, only Criss and Swango went to the tax sale on April 4, 1949. They purchased the property with the understanding that Bitzegaio would later pay to each of them one-sixth of the purchase price, at which time Criss and Swango would convey to Bitzegaio his one-third interest.

Following the purchase of the property, Bitzegaio paid one-third of the taxes, insurance, abstract fees and costs of purchasing an easement. He expended money for maintenance and improvements on the property. Criss and Swango gave him credit for one-third of the receipts from farming operations on the property. At the time of trial, evidence established that a substantial portion of Bitzegaio's share of the purchase price had been paid. Lee Criss died unexpectedly in February, 1960, without having executed a deed conveying any interest in the property to Bitzegaio. Defendants Charles, John, and Sarah Criss are the children of Lee Criss. On appeal they raised the following issues:

1. Whether the trial court erred in overruling defendant's motion to strike plaintiff's amended complaint;

2. Whether the court erred in finding that a resulting trust was established in plaintiff's favor and in granting his motion for summary judgment;

3. Whether the plaintiff's cause of action was barred by the statute of limitations, the doctrine of laches, or the statute of frauds; and

4. Whether plaintiff's resort to equity to compel specific performance is inappropriate when an adequate remedy at law exists for the recovery of money damages.

## I.

This action began on July 5, 1977, when Bitzegaio filed his complaint in the Vigo Superior Court. Defendants Criss filed their answer and request for jury trial on August 1, 1977. The cause was venued to the Clay Circuit Court on August 18, 1977. Bitzegaio filed an amended complaint with the court on November 18, 1977, which set forth a correction of dates and included an allegation of partial payment for the acquisition of an easement. The amended complaint changed no theory but merely set forth corrected dates and evidentiary facts.

Defendants now complain that since Bitzegaio did not file a motion requesting leave of the court to file an amended complaint and did not receive consent of the defendants before actually filing the amended complaint, it was an abuse of the court's discretion to accept the amended complaint. We disagree.

The trial court is vested with a broad discretion in its decisions on whether to permit amendments to pleadings. The policy in this state is liberally to allow the amendment of pleadings, and leave to amend should be given unless the amendment will result in prejudice to the opposing party. *Huff v. Travelers Indemnity Co.*, (1977) 266 Ind. 414, 363 N.E.2d 985; *Higgins v. Swygman*, (1923) 194 Ind. 1, 141 N.E. 788. Here, defendants have not demonstrated any prejudice since the amended complaint did not change or add to any theories but corrected evidentiary facts. It is proper to amend the pleadings at any time, even after judgment, to conform to the evidence actually produced at trial. *Ayr-Way Stores, Inc. v. Chitwood*, (1973) 261 Ind. 86, 300 N.E.2d 335. Defendants have made no showing that they were deprived of any substantial rights and there was no error in overruling defendant's motion to strike the amended complaint.

## II.

Defendants' main contention is that the trial court erred in entering summary judgment for Bitzegaio in that there were not sufficient facts to support the establishment of a resulting trust in Bitzegaio's favor. The initial question here is whether the trial court was presented with any genuine issue of a material fact, the existence of which would have made the entry of summary judgment under Ind.R.Tr.P. 56 inappropriate. It is axiomatic that a summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.*, (1980) Ind., 411 N.E.2d 614; *Cates v. Jolley*, (1978) 268 Ind. 74, 373 N.E.2d 877; *Whipple v. Dickey*, (1980) Ind.App., 401 N.E.2d 787. When the moving party files affidavits and other materials establishing the lack of any genuine issue of material fact, the opposing party may not rest upon his pleadings but must come forth with specific facts showing that there is a genuine issue for trial. Ind.R. Tr.P. 56(E); *Shideler v. Dwyer*, (1981) Ind., 417 N.E.2d 281; *Bassett v. Glock*, (1977) Ind.App., 368 N.E.2d 18; *Letson v. Lowmaster*, (1976) 168 Ind.App. 159, 341 N.E.2d 785.

Here, the plaintiff, Bitzegaio, filed pleadings, an affidavit and exhibits supporting his theory that there was an oral agreement between himself, Criss and Swango that he would receive a one-third interest in the land. Defendant Swango, in his answer to the complaint, acknowledged the existence of the agreement. Defendants Criss denied the allegations of the complaint and asserted affirmative defenses of no consideration, statute of frauds, statute of limitations, laches, and estoppel. However, their counter-affidavit did not contravene any of the facts set forth by Bitzegaio. The Criss affidavit only recounted some historical information about the use which was made of the land. The important fact is that there was no evidence presented to challenge the existence of the agreement among the three men prior to the purchase of the property. Accordingly, it is clear that the defendants failed to establish any genuine issue of material fact.

The failure of defendants to have controverted Bitzegaio's affidavit means that the facts therein are admitted. We are therefore constrained, as was the trial court, to conclude that there was no admissible evidence which would give rise to a genuine issue of material fact with regard to the existence of the agreement. We refuse to be persuaded, as appellants seek to persuade us, to try this cause on the appellate level. As we have often clearly stated, our function is not to sit as a trial court, but rather to review and correct errors of law and to accept the facts as they are presented so long as probative evidence supports them. *Melloh v. Gladis*, (1974) 261 Ind. 647, 309 N.E.2d 433.

▮ However, the failure of defendants to respond effectively to the motion for summary judgment does not automatically entitle Bitzegaio to the judgment. *Smith v. P. & B. Corp.*, (1979) Ind.App., 386 N.E.2d 1232. The trial court must determine whether the facts which were established and were without dispute were sufficient to establish the moving party's claim. This leads us to an examination of the nature of a resulting trust and to the question of whether the law was correctly applied by the trial court. We first note that both resulting and constructive trusts are creatures of equity, imposed to do justice. As equitable creations, they are not governed by the parol evidence rule, statute of frauds or any other rules of law pertaining to express trusts. *Melloh v. Gladis, supra.*

▮ A resulting trust of the type here in question is a purchase money resulting trust. The elements which must be established were set forth in *Auten v. Sevier*, (1964) 136 Ind.App. 434, 202 N.E.2d 274. There must be clear and unequivocal proof of (a) a fair agreement between the parties, (b) made for valuable consideration, which consideration need not consist of actual money, (c) before title to the property was acquired, and (d) which is free from fraud. *See*, Ind.Code § 30–1–9–8 (Burns 1972).

▮ In this case, the trial court found that all the elements of a resulting trust had been established by clear and unequivocal evidence. There was a fair agreement between the parties which was free from fraud and was made before title to the property was acquired. There was valuable consideration, which did not need to consist of actual money. Here, the trial court found that the consideration was Bitzegaio's obligation to pay a portion of the purchase money and share equally in the maintenance of the property. It has long been the accepted rule that the existence of a resulting trust depends entirely upon the transaction as it occurred up to the time of the acquisition of title, and it cannot be changed by any subsequent transaction except as such subsequent transaction may throw light upon the original agreement. *Hadley v. Kays*, (1951) 121 Ind.App. 112, 98 N.E.2d 237.

▮ The trial court found that the obligation of Bitzegaio to pay one-third of the purchase price *did* exist at the time of the purchase. Evidence as to Bitzegaio's expenses *after* the conveyance was relevant to shed light on the actual agreement itself. The trial court found that the agreement here was binding and an absolute obligation to pay on Bitzegaio's part. The binding nature of the obligation was supported by the unequivocal evidence of Bitzegaio's payments for taxes, insurance, improvements, and other costs as well as part of the purchase price. The trial court thus found that all the elements of a resulting trust had been established. Because the defendants failed to challenge the agreement on any factual grounds and since there is probative evidence to establish all the elements of a resulting trust, we affirm the trial court's entry of summary judgment for Bitzegaio.

### III and IV.

▮ The findings of the trial court in favor of Bitzegaio which we are herein affirming also dispose of defendants' affirmative defenses. It is clear that the burden of pleading and proving any affirmative defense is on the defendants. Ind.R.Tr.P. 8(C); *Hidden Valley Lake, Inc. v. Kersey*, (1976) 169 Ind.App. 339, 348 N.E.2d 674.

The defendants' appeal on this issue is therefore one from a negative finding. Where the party having the burden receives a negative judgment by the trier of fact, we will not disturb that judgment if there is any evidence to support it or a reasonable inference to be drawn from any evidence in favor of it. *Brand v. Monumental Life Ins. Co.*, (1981) Ind., 417 N.E.2d 297; *Umbreit v. Chester B. Stem, Inc.*, (1978) Ind.App., 373 N.E.2d 1116. In this case, defendants presented no evidence in support of their allegations. As we pointed out above, constructive and resulting trusts generally are not governed by the parol evidence rule, statute of frauds, or any other rules of law pertaining to express trusts. *Melloh v. Gladis, supra.* The trial court's finding of a resulting trust in Bitzegaio's favor is therefore a finding that defendants failed to meet their burden of proof in establishing any affirmative defense. We find no error here.

 Defendants finally contend that Bitzegaio's resort to equity to compel specific performance is inappropriate when an adequate remedy at law exists for the recovery of money damages. This issue was not presented to the trial court as part of the pleadings, but was raised for the first time in defendants' motion to correct errors. It has therefore been waived. Ind.R.Tr.P. 12(H); *Brown v. State*, (1941) 219 Ind. 251, 37 N.E.2d 73.

Transfer is granted, the decision of the Court of Appeals is vacated, and the judgment of the trial court entering summary judgment in favor of the plaintiff-petitioner is affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

I agree with the vacated opinion of the Court of Appeals that no resulting trust came into being for the benefit of Bitzegaio at the time title to the disputed lands passed to his friends Criss and Swango. Nowhere has Bitzegaio alleged that any valuable consideration existed for the oral agreement between himself, L. L. Criss, and Swango for the purchase of the land in issue. It is essential to the creation of a resulting trust that there must have been valuable consideration for the agreement. *Hill v. Pollard*, (1892) 132 Ind. 588, 32 N.E. 564; *Schwab v. Schwab*, (1959) 130 Ind.App. 108, 162 N.E.2d 329. He did not show up for the sale and provided none of the purchase money as did Criss and Swango. He took no action whatsoever in furtherance or recognition of his oral promise to pay one-third of the purchase price before title passed.

The claim for resulting trust is based here upon a parol agreement between the three men that they would buy the property together and each pay one-third of the purchase price. On this record the trial court was correct in determining that the case is a proper one for summary judgment, but it should have been rendered for the defendants below and against the plaintiff Bitzegaio.